# ALLEN H. WHISNER

*vs.*

## CHARLES N. WHISNER, Executor of J. Start Whisner, Deceased, et als.

*Wills: caveat; sanity of testator; evidence; opinions; persons not experts or attesting witnesses; prior wills; comparison; declaration of executor; hypothetical questions. Witnesses: cross-examination; inconsistent statements in writing foundation for contradiction. Prayers: segregating facts.*

A ruling of the trial court, upon the admissibility of an account book in evidence, will not be reviewed on appeal unless either the account book itself is incorporated in the record, or at least enough of it to enable the Court to ascertain its legal operation and effect.                                                          p. 203

One who is neither an expert nor an attesting witness to the will can not testify as to the mental capacity of the testator, without stating the facts and circumstances upon which his opinion was formed.                                                                    p. 205

In a trial of issues, as to the mental capacity of the deceased, when it was conceded that the testatrix was of sound and disposing mind at the date of the execution of a prior will, and the will in controversy is exactly the same as the former will, excepting as to a small legacy, and the changes in form necessary to make it conform to the law of Maryland, it was *held,* that it was competent to show these facts by a comparison of the two wills.                                                                 p. 205

A hypothetical question is improper if it is so framed as to exclude any of the material facts.                          p. 206

No declaration made by an executor before his qualification can be received against him, as the representative of the estate, or bind the legatees, distributees or creditors.          p. 207

Where a previous inconsistent statement has been made in writing, a witness can not be cross-examined in reference to it, until the paper has first been shown to him, and he has admitted that he wrote it.                          p. 207

Prayers segregating facts are erroneous if they ignore the other party's theory of the case.                          p. 207

*Decided January 13th, 1914.*

Appeal from the Circuit Court for Allegany County (HENDERSON, J.).

The facts are stated in the opinion of the Court.

The following are the prayers in the case and the action of the trial Court on the same, except the instructions offered by the trial Court, which are set out in full in the opinion of the Court of Appeals:

*Plaintiff's First Prayer.*—The plaintiff, by his counsel, prays the Court to instruct the jury, that if they find from the evidence in the case that J. Start Whisner executed the will offered in evidence on the 7th day of December, 1911, and that he read it at the time he executed it and if they further find that at the date of the will, Samuel Whisner, the father of the testator, had been dead more than a year and the testator had attended his funeral and paid his funeral expenses, in April, 1911, and by said will, among other things, he provided as follows: "For proper provision and care for our parents, Samuel and Sarah Jane Whisner, while they live, also to pay all expenses that may be involved in properly providing for the funeral and burial of their mortal

remains and to be buried on the northwest corner of a vacant lot in cemetery aforesaid, I also will and direct that said Charles Norris Whisner, out of said property shall substantially place at the grave of our parents one plain family monument of best quality granite, etc.," and.

If the jury further find the said will among other things bequeathed to Allen H. Whisner, one note signed by said Allen H. Whisner, and his wife, dated July 28, 1908, for $275.00, and

If they further find that said note had been paid in full some considerable time before the date of said will, and

If they further find that, by said will, the testator disposed of certain lots, tracts or parcels of land described in a deed of trust and directed that certain expenses of sale be paid out of the proceeds, and also made a bequest to be paid out of the proceeds, and all the residue of said sale to revert to his estate, and

If the jury further find that in point of fact these certain lots did not belong to the testator, but belonged to his father, the jury from these facts and circumstances with all the other facts in the case, may infer, that at the time he made and executed said will, the said testator did not have a full understanding of the business in which he was engaged, or recollection of the property of which he intended to dispose, and

If they so find and infer then their answer to the issue of this case must be "No." (*Rejected.*)

*Plaintiff's Second Prayer.*—The plaintiff, by his counsel, prays the Court to instruct the jury that if they find, from the evidence, that the testator did not by reason that he had not at that time a sound disposing mind, memory and understanding capable of making a valid deed or contract, if the jury so finds, on the 7th day of December, 1911, when the will was executed, have a full understanding of the nature of the business in which he was engaged, a recollection of the property of which he intended to dispose and the persons to whom he meant to give it, and also an understanding of the manner in which he in fact disposed of it and of the relative

claims of the different persons who were or should have been the objects of his bounty, then the testator, J. Start Whisner, was not at the date of the execution of the said will, of sound and disposing mind, memory and understanding, capable of executing a vaild deed and contract, and verdict must be for the plaintiff and their answer to the issue must be "No." (*Granted.*)

*Plaintiff's Third Prayer.*—The plaintiff further prays the Court to instruct the jury that if they find that on the 7th day of December, 1911, the date of the execution of the will, and the time thereof, the testator, J. Start Whisner, did not have a sound, disposing mind, memory and understanding, capable of executing a valid deed or contract, then their verdict must be for the caveator and the answer to the issue in the case "No." And that what is meant by the words, sound and disposing mind, and capable of making a valid deed or contract in respect to making a will is that at the time he executed his will a testator understands the nature of the business he is engaged in, recollects the property he means to dispose of and the persons to whom he means to give it and understands the manner in which he dispose of it, and the relative claims of the different persons who are or ought to be, the objects of his bounty. (*Granted.*)

*Plaintiff's Fourth Prayer.*—The plaintiff prays the Court to instruct the jury that in determining whether the testator was of sound and disposing mind, capable of making a valid deed or contract at the time of the execution of the will, they may take into consideration the provisions of the will itself in connection with all the other facts and circumstances shown in evidence bearing upon the condition of testator's mind at the time of the execution of said will. (*Granted.*)

*Defendant's First Prayer.*—The defendants, by their attorneys, pray the Court to instruct the jury that there has been no legally sufficient evidence offered to show that J. Start Whisner was of unsound mind and incapable of making a valid deed or contract on the 7th day of December, 1911, at the time of the execution of his will and the verdict

of the jury must be for the defendants on the issue in this case, and their answer will be "yes." (*Rejected at end of plaintiff's case and again at end of the whole case.*)

*Defendant's Second Prayer.*—The defendants, by their counsel, pray the Court to instruct the jury that the highest degree of mental soundness is not required to constitute mental capacity, but one who is of sound and disposing mind, capable of making a valid deed or contract, possess capacity to make a will and that what is meant by the words sound and disposing mind and capable of making a valid deed or contract in respect to making a will, is that at the time he executes his will a testator understands the nature of the business he is engaged in, recollects the property he means to dispose of and the persons to whom he means to give it, and understands the manner in which he disposes of it, and the relative claims of the different persons who are or ought to be the object of his bounty. (*Granted.*)

*Defendant's Third Prayer.*—And further prays the Court to instruct the jury that the capacity of the testator is to be determined by the condition of his mind at the time of executing the will offered in evidence, and if the jury find that the testator at that time was of sound, disposing mind, memory and understanding, and capable of making a valid deed or contract, that then the jury must find for the defendants, and their answer should be "yes." (*Granted.*).

*Defendant's Fourth Prayer.*—And further prays the Court to instruct the jury that the presumption of law is that the testator, J. Start Whisner, was of sound, disposing mind, memory and understanding, capable of making a valid deed and contract, on the 7th day of December, 1911, at the time he executed the will offered in evidence, and the burden of proof is on the plaintiff to show by a preponderance of evidence that the testator was not of sound mind, as aforesaid, at the time he executed the will offered in evidence. (*Granted.*)

*Defendant's Fifth Prayer.*—The defendants, by their counsel, pray the Court to instruct the jury that the testator, J.

Start Whisner, is presumed to have been of a sound mind, memory and understanding, capable of making a valid deed or contract, at the time of the execution of the will offered in evidence, and that the burden of proof lies upon the plaintiff to establish unsoundness of mind, and that neither age, sickness, pain, distress, irritability nor debility of body will disqualify a person from making a will, if sufficient capacity, as defined in the other prayers, remains; that it is not sufficient to set aside the will in this case because its provisions may be unjust or injudicious or unexplained (even if the jury so find) and it is no valid objection to this will that the testator gave most of his property to certain of his next of kin, to the exclusion of one or more of his brothers, provided he was mentally competent. If, therefore, the jury find that the testator was mentally competent at the time of the making and execution of the will, offered in evidence, the jury cannot reject the will merely because, in their opinion, its provisions are unjust or injudicious or unexplained; that they must find for the defendants on the issue and their answer thereto must be "yes." (*Rejected.*)

*Defendant's Sixth Prayer.*—The defendant further prays the Court to instruct the jury that even if the jury find, from the evidence, that the testator in the will offered in evidence, ·made provision for his father and mother and also made provision for the purchase of a burial ground for place of burial for both his father and mother, and for the expenses of their funerals and a family monument, and further find that at the date of said will his father had been dead for over a year, and J. Start Whisner had been present at his father's funeral and paid his funeral expenses, and further find that in said will, the testator made a bequest to Allen H. Whisner of a note of $275.00, drawn by Allen H. Whisner and payable to the testator, for money borrowed and further find that before the date of the will Allen H. Whisner had paid said note to the testator by a check which had been given to the testator, who had endorsed and cashed said check, and that the testator had upon said payment actually written on said

note in his handwriting, signed by him, "paid in full, February 27, 1909," and even if the jury further find that the testator in said will made a bequest to his niece, under her maiden name, although the niece had been married to the knowledge of the testator for a long time before the date of the will, and if the jury further find, from the evidence, that the testator had written in his own handwriting, a will in the year 1908, in West Virginia, and then executed the same, and that the testator was then of sound and disposing mind, and the said will so executed in 1908 contained all the provisions aforementioned, as contained in the will executed in 1911, and at the time of the execution of the will of 1908, his father and mother were living, his niece was then not married, and the said note of Allen H. Whisner was then unpaid, and owing, and further find that the said will of 1911 was prepared by combining the first four pages of the will of 1908, and a typewritten last page for a conclusion with form of execution and that the contents of the second will were exactly the same as those of the will of 1908, except for an interlineation by the counsel for the testator, "one thousand dollars in cash," as a legacy to the testator's sister, then the jury are instructed that the said provisions in said will are no evidence of want of testamentary capacity, if the jury believe from the evidence that the testator understood that said provisions in his will of 1911 did not make any different disposition of his property than would have been made if he had in said will, made no provision for his father, and no bequest of said note to his brother, Allen H. Whisner, and had made therein the bequest to his niece by her married name. (*Rejected.*)

*Defendant's Seventh Prayer.*—The jury are instructed, as a matter of law, that the provisions in the will executed December 7th, 1911, providing for his father, who had previously died, and giving a legacy to Allen H. Whisner, of a note, which had been previously paid, and giving a legacy to his niece under her maiden name, when she had been previously married, did not affect the disposition of his es-

tate any differently than if the testator had omitted said bequests to his father and brother, Allen H. Whisner, and had made the bequest to his niece under her maiden name. (*Rejected.*)

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*George A. Pearre* and *Ferdinand Williams,* for the appellant.

*Austin A. Wilson* and *Albert A. Doub,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The record in this case brings up for review the rulings of the Circuit Court for Allegany County in the course of a trial, on a caveat to the will of J. Start Whisner who died in the City of Cumberland, on the 12th day of January, 1912. Under the caveat a single issue was sent for trial to the Circuit Court from the Orphans' Court, and this issue was "whether the paper writing dated the 7th day of December, 1911, purporting to be the last will and testament of John Start Whisner was executed by him when he was of sound and disposing mind and capable of executing a valid deed or contract."

Mr. Whisner was between fifty and fifty-five years of age at the time of his death, was unmarried, but left three brothers and one sister, as next of kin and his only heirs at law.

The plaintiff below and appellant here is a brother, and the defendants below, and appellees here, are brothers and a sister.

At the trial of the case, ten exceptions were reserved by the plaintiff to the rulings of the Court, nine of which relate to rulings upon testimony, and the tenth to the ruling on the  .

prayers. The action of the Court, on these rulings forms the subject of this appeal.

It appears from the tenth exception, that the Court below granted the plaintiff's second, third and fourth prayers, but rejected his first. The defendants second, third and fourth prayers, were granted, but their first, fifth, sixth and seventh were rejected.

The Court gave an instruction of its own, and it is stated that it was granted in place of the defendants' second and seventh prayers. The plaintiff thereupon excepted to the action of the Court in rejecting the plaintiff's first prayer, and to the granting of the defendants' second, third and fourth prayers, and the instruction given by the Court in lieu of the defendants' second and seventh prayers. The tenth exception therefore embraces the rulings of the Court upon the granted and rejected instructions, as set out therein.

The answer of the jury upon the single issue of testamentary capacity submitted to them was in favor of the defendants, that is, that the testator's last will and testament dated the 7th day of December, 1911, was executed by him, when he was of sound and disposing mind, and that at the time of its execution he was capable of executing a valid deed or contract.

The real controversy here then relates exclusively to the rulings of the trial Court upon the testimony and the prayers, as embraced in the exceptions, set out in the record.

We will first consider the rulings of the Court upon the testimony.

The first exception was, to the refusal of the Court to permit the caveator to offer in evidence "a paper spoken of, as a farm account." This farm account does not appear in the record, and it would be impossible for us to determine whether the plaintiff was injured by its rejection, and whether it reflected upon the issue. The account itself, or so much of it, as was necessary to enable the Court to ascertain its legal effect should have been incorporated in the record, and as this was not done, the ruling of the Court on

this exception is not before us for review. 2 *Poe on Pleading and Practice* 314; *Wilson* v. *Merryman,* 48 Md. 328; *Oldenburg* v. *Dorsey,* 102 Md. 176.

The second, third and fifth exceptions embrace the rulings of the Court in refusing to permit the witness Allen H. Whisner, the caveator, to express his opinion as to the mental condition and the testamentary capacity of the testator on the 7th day of December, 1911, the date of the execution of the will. The identical question as embraced in these three exceptions was propounded to the witness in the course of his examination and re-examination, and is as follows: "Will you state whether in your opinion, J. Start Whisner, at the time of the execution of his will, offered in evidence, dated the 7th of December, 1911, was of sound, disposing mind, memory and understanding and capable of making a valid deed or contract?"

While it is true this question was propounded to the witness at various stages of his examination, both in chief and on re-direct, after cross-examination on the part of the defendants, yet we are unable to find that the witness had disclosed in his entire testimony such facts, and such adequate means of knowledge as qualified him, as a non-expert witness, to express an opinion as to the mental condition of the testator at the time of the execution of the will.

He was not an expert nor an attesting witness to the will, and he did not fall within the rule which allows this class of witnesses to testify as to the mental capacity of a testator, without first stating the facts and cricumstances on which the opinion was formed.

In the *Berry Will case,* 93 Md. 560, it is said: "It has been distinctly ruled in this State, and is generally agreed, that mere opinion, unless it be the opinion of the subscribing witnesses to a will, or the opinion of a medical expert, is not competent evidence to prove mental capacity or incapacity. As to a non-expert witness he may give his opinion, if he has the means of knowing what that mental condition is, after disclosing those means, so as to show, both that he

possesses them and that they are adequate; he may state the result, not as opinion but as knowledge, precisely as he may do when questions of personal identity or handwriting are involved. Facts must be stated so that it may be seen whether the conclusion deduced from them by the witness has any relation to, or can be fairly said to be dependent on them."

This is the undoubted rule as applicable to this class of testimony, and it will be found supported and followed by a long line of cases in this State both prior and since the *Berry Will case; Waters* v. *Waters,* 35 Md. 542; *Brashears* v. *Orme,* 93 Md. 442; *Watts* v. *State,* 99 Md. 36; *Kelly* v. *Kelly,* 103 Md. 548; *Grill* v. *O'Dell,* 113 Md. 630.

As we are of opinion that there was no proper foundation laid to qualify this witness to express an opinion as to the testamentary capacity of the testator at the date of the execution of the will, the objection to the question on all three of the exceptions was properly sustained.

The fourth exception relates to the ruling of the Court in allowing a comparison of a will dated August 30th, 1908, made by the testator while living in the State of West Virginia, with the will here in controversy. The two wills were identical in every respect, except in the last will there was a pecuniary legacy of $1,000 to his sister. The evidence shows that the will of 1908 was in the handwriting of the testator, and was adopted and re-executed by the testator on the 7th day of December, 1911, with an additional bequest of $1,000 inserted into it, and with an attesting clause, so as to conform to the laws of Maryland. A part of the will as re-executed was the will of 1908, and in the handwriting of the testator, and the part that was added was typewritten. It is conceded that the testator was of sound and disposing mind at the date of the first will, and as the provisions of the two wills were the same except the pecuniary legacy to his sister, it was competent, we think, for the appellees to show these facts by a comparison of the two wills. We find no error in

the ruling upon this exception. *Horner* v. *Buckingham,* 103 Md. 556.

We find no reversible error in the sixth exception. If the question had been so framed as to apply to and include all the facts and circumstances relating to the execution of the last will it would have been proper upon cross-examination, but it failed to do this and the objection to it, for this reason alone, was properly sustained; *Brashears* v. *Orme,* 93 Md. 451.

The testimony of the witness Charles N. Whisner, objected to in the seventh exception, was properly admitted. The witness was qualified to answer the question propounded to him, and under all the authorities his testimony was not mere opinion but knowledge, based upon an adequate statement of facts and was competent evidence in the case. *Townshend* v. *Townsend,* 7 Gill, 10; *Weems* v. *Weems,* 19 Md. 334; *Williams* v. *Lee,* 47 Md. 321.

Nor do we find any reversible error in the rulings of the Court, as contained in the eighth and ninth exceptions. These exceptions were taken to the refusal of the Court, to permit certain questions set out in the exceptions to be asked and answered by Charles N. Whisner, the executor, upon cross-examination.

(1) Q. Now please consider this: If he disposed of a note of two hundred and seventy-five dollars, by giving it to his brother, Allen H. Whisner and at that time the note had already been paid in full, do you think he understood that?

(2) Q. Didn't you yourself on the 23rd day of January, 1912, state in writing, that Mr. J. Start Whisner's will— that the change in Mr. Start Whisner's will was not the only trouble about, but on examination of the same, you found other things that were out of place, and that, therefore, you declined any further responsibility?

Neither of these questions, were proper questions, even upon cross-examination and the objection was properly sustained. The witness was not an expert, and was not competent to answer the first question. It would simply have

been a matter of opinion without sufficient and adequate facts or knowledge upon which to base it, superior to that possessed by the jurors themselves.

If the object of the second question was to establish an admission of the executor, it also was inadmissible. No declaration made by an executor before his qualification can be received against him, as the representative of the estate or bind legatees, distributees or creditors. *Berry* v. *Safe Deposit Co.,* 96 Md. 65; *Kelly* v. *Kelly,* 103 Md. 554.

Besides this, the writing itself or paper referred to in the question was not produced or shown to have been lost, or a proper foundation laid for contradicting the witness. It is well settled where a previous inconsistent statement has been made in a writing, the witness cannot be cross-examined in reference to it, until the paper has first been shown to him, and he has admitted that he wrote it. *Waters* v. *Waters,* 35 Md. 532; 2 *Poe's Pleading,* sec. 280; 1 *Greenleaf on Evidence,* sec. 463; 2 *Elliott on Evidence,* sec. 976.

This brings us to the rulings upon the prayers which are set out in the tenth and last exception. We agree with the Court below in its rulings, upon the prayers, and upon all the instructions that were granted.

The plaintiff's first prayer was clearly erroneous and was properly rejected. The prayer not only segregates a portion of the facts, and circumstances of the plaintiff's case, and some of the items of the will, but asked the Court to instruct the jury that if they found these segregated facts, their answer to the issue should be "no." It entirely ignored the theory of the defendants case, and all reference to the testimony on the part of the defendants tending to show testamentary capacity at the date of the execution of the will. Prayers of this kind have frequently been condemned by this Court, as both misleading and improper. *McTavish* v. *Carroll,* 7 Md. 352; *Adams* v. *Capron,* 21 Md. 186; *Winner* v. *Penniman,* 35 Md. 168; *Brown* v. *Ward,* 53 Md. 376.

The defendant's second, third and fourth prayers are free from objection and have been approved by this Court. *Jones*

v. *Collins,* 94 Md. 403; *Kelly* v. *Kelly,* 103 Md. 548; *Higgins* v. *Carlton,* 28 Md. 118; *Tyson* v. *Tyson,* 37 Md. 582; *Taylor* v. *Creswell,* 45 Md. 422.

We can perceive no serious objection to the legal proposition submitted by the Court's own instruction. It is stated by the appellant in his brief that the instruction was drawn and granted by the Court in the place of the defendant's second and seventh prayers. It is as follows: The jury are instructed that if they find, from the evidence, that J. Start Whisner wrote in his own handwriting, and signed and executed on August 30th, 1908, the paper dated on that date offered in evidence, as and for his last will and testament, and that he had at that time testamentary capacity, as defined in the other prayers in this case, then said paper, although not witnessed, was at that time under the laws of West Virginia, a valid last will and testament, and the jury is further instructed, that if they shall find that the paper offered in evidence as the will of J. Start Whisner, dated December 7, 1911, was executed by him when he was in possession of testamentary capacity as defined in the other prayers, in this case, then the provisions made for his niece and for his parents, in said will of December 7, 1911, are valid and legal dispositions of those portions of the testator's estate.

It is not objected that the plaintiff's case was injured by the Court's granting and submitting this instruction. It was qualified by requiring the jury to consider it, in connection with the other prayers defining testamentary capacity at the date of the execution of the will. We think the instruction is free from the criticism urged against it.

Finding no reversible error in any of the rulings of the Court, it follows that they must be affirmed.

*Rulings affirmed.*