(Decided 14th December, 1876.)

DAVID M. TAYLOR *vs.* JOHN A. J. CRESWELL, Executor of ELIZA A. TAYLOR.

*Testamentary Capacity—Burthen of proof—Presumption as to Testator's knowledge of the Contents of his Will.*

In this State the presumption of law is in favor of *sanity*, and the *burthen of proof* is upon the party impeaching a will for the want of testamentary capacity.

Where a *permanent insanity* is proven, the burthen is shifted, and in such case the person setting up the will must prove the competency of the testator at the time of its execution.

Evidence in regard to the condition of the mind of a testator subsequent to the execution of his will, is admissible for the purpose of shedding light upon the inquiry, and thereby to assist the jury in determining the general question of testamentary capacity.

But the bare proof of mental unsoundness a *few years* after the execution of a will, without regard to the nature and character of such unsoundness, whether it be of a *permanent* or *temporary character,* will not be sufficient to rebut the presumption of law in favor of sanity, and thereby shift the burthen of proof.

It is essential to the validity of every will that the party making it should know and understand its contents; otherwise it is not his will.

But where a person of sound mind executes a will, and the same is his free and voluntary act, the law presumes knowledge on his part of the contents.

Taylor *vs.* Creswell, Ex'r.

This presumption may be rebutted by the facts and circumstances surrounding its execution, and cases may arise in which it is proper to submit to the jury the distinct question, whether the testator understood its contents.

In a case where the evidence showed that the will was prepared by the attorney of the testatrix according to her directions, and then read over to her, and she said she understood it and was satisfied with its provisions, it was HELD :

That assuming the testatrix was of sound mind, the jury was bound by the presumption of law in favor of knowledge of the contents of the will on the part of the testatrix.

APPEAL from the Circuit Court for Cecil County.

This case was tried before a jury upon the following issues, sent for trial from the Orphans' Court of Cecil County, at the instance of the appellant under a caveat by him to the will of Eliza A. Taylor :

1st. Was the paper-writing, bearing date the 20th day of April, 1868, and purporting to be the last will and testament of the said Eliza A. Taylor, executed and attested in due form as required by law ?

2nd. Were the contents of the paper-writing, bearing date the 20th day of April, 1868, mentioned in the proceedings in this case, and purporting to be the last will and testament of Eliza A. Taylor, read to or by the said Eliza, or known to her at or before the time of the alleged execution thereof ?

3rd. Did the said Eliza A. Taylor at the time of the alleged execution of the said paper-writing, purporting to be her last will and testament, understand the contents thereof ?

4th. Was the said Eliza A. Taylor at the time of the alleged execution of said paper-writing, purporting to be her last will and testament, of sound and disposing mind, memory and understanding ?

5th. Is the paper-writing, bearing date on the 20th day of April, 1868, the last will and testament of the said Eliza A. Taylor ?

The facts of the case are sufficiently stated in the opinion of the Court.

*Exception.*—At the trial, the caveator offered the following prayers:

1. The written law of this State furnishes the rule by which the mental capacity of Eliza Ann Taylor is to be measured; and the inquiry of the jury will be whether at the time of executing the paper-writing, bearing date on the 20th day of April, 1868, purporting to be her last will and testament, Eliza Ann Taylor was capable of executing a valid deed or contract; that the words "sound and disposing mind, memory and understanding and capable of executing a valid deed or contract," in respect of the disposition of her property by last will and testament is, that she must have had sufficient capacity at the time of executing the said paper purporting to be a will, to make a disposition of her estate with judgment and understanding in reference to the amount and situation of her property, and the relative claims of the different persons who should have been the objects of her bounty. That is in Maryland the standard by which the mental capacity of Eliza Ann Taylor is to be ascertained, and no inferior grade of intellect will suffice.

2. That the mere fact of her being able to recollect things or to converse rationally on some subjects, or to manage some business, is not sufficient to show that Eliza Ann Taylor was of sound and disposing mind, memory and understanding, if the jury shall believe she was incapable of making a valid deed or contract at the time the will was executed.

3. It is essential to the exercise of the power of making a will, that Eliza Ann Taylor should have understood the nature of the act and its effects; should have understood the extent of the property of which she was disposing; should have been able to comprehend the relative claims of the different persons who should have been the objects of her

bounty; and that she was not under the influence of any mental delusion in reference thereto at the time of executing said will.

4. If the jury believe that the paper-writing, bearing date on the 20th April, 1868, and purporting to be the last will of Eliza Ann Taylor, was procured by or made under and through the undue influence of any one, or contains bequests made under such undue influence, and which, but for it, would not have been made, that then such paper is not in law a valid will or testament.

5. That in order to avoid a will, it is not necessary that the undue influence mentioned in the preceding prayer should have been fraudulent.

6. If the jury should believe that any clause or part of the paper-writing of the 20th of April, 1868, purporting to be the last will of Eliza Ann Taylor, was not the original and unprompted suggestion of Eliza Ann Taylor's own mind, but was first suggested by some other person, the jury may decide, from all the facts and circumstances in evidence, whether and in what degree such suggestion, or the adoption thereof by the said Eliza Ann Taylor, was the result of incapacity or weakness of mind, or circumvention, or undue influence, or fraud.

7. If the jury believe that Eliza Ann Taylor was susceptible of being easily influenced, and shall further believe that the parties, or any of them, taking a benefit under the paper-writing of the 20th of April, 1868, were in positions to have brought their influence to bear, in such case the law requires clear proof of the voluntary action of the testatrix.

8. If the jury believe the paper of the 20th of April, 1868, purporting to be the last will and testament of Eliza Ann Taylor, was procured by parties or a party standing in a confidential relation, and that such parties, or any of them, take a benefit under said paper, that then such paper is *prima facie* void, and the burden is on those

so taking, to establish to the full satisfaction of the Court and jury, that such paper was the free, voluntary and unbiased act of the said Eliza Ann Taylor.

9. That it is for the jury to decide, from all the facts and circumstances in evidence, whether the paper-writing, bearing date on the 20th of April, 1868, and purporting to be the last will and testament of Eliza Ann Taylor, was obtained by [fraud, circumvention, deception, imposition or] undue influence; and that it is competent for the jury, from the facts and circumstances in the case, tending to show [fraud, circumvention, deception, imposition or] undue influence, whether precedent or subsequent to the execution of said instrument, to determine whether such [fraud, circumvention, deception, imposition or] undue influence existed and operated at the time of the execution of said instrument, and in what degree induced the execution thereof.

10. If the jury believe that Eliza Ann Taylor at any time prior to the execution of the paper-writing of the 20th of April, 1868, and purporting to be her last will and testament, was of such unsound mind, memory and understanding as to render her incapable of making a valid deed or contract, and that such unsoundness of mind was not transitory in its character, but was of a permanent and continuing nature, that then the burden of proving the said Eliza Ann Taylor of sound mind at the time of executing said paper is on the caveatee.

11. If the jury believe that Eliza Ann Taylor at any time prior to the execution of the paper-writing of the 20th of April, 1868, and purporting to be her last will and testament, was incapable of executing a valid deed or contract with judgment or understanding, that then the burden of proving that the said Eliza Ann Taylor was capable of executing a valid deed or contract at the time of executing said paper, is on the caveatee, unless the jury

shall believe such mental incapacity was of a temporary character.

12. If the jury believe that Eliza Ann Taylor was of unsound mind at any time prior to the date of the will, or within a few years after that date, the burden of establishing her capacity to have made the will in question, will be shifted on the party setting up the will, (the caveatee,) who must then establish to the satisfaction of the jury her testamentary capacity.

And the caveatee offered the following prayers:

1. That if upon the whole evidence the jury find that Eliza Ann Taylor executed the will offered in evidence by the caveatee, in the presence of three credible witnesses, who at her request, and in her presence, subscribed their names as witnesses thereto, and that at the time of the execution thereof she was capable of understanding the business she was engaged in, the property she desired to dispose of, and the objects of her bounty named in said will, and that the same was her free and voluntary act, they must find for the caveatee.

2. That it is not necessary to the validity of the will that the testatrix should have actually seen the witnesses affix their names to the paper, nor that she should have expressly requested them so to do. It is sufficient in this respect if the jury find that she acknowledged it to be her will, that the witnesses signed in her presence, where she might have seen them if she pleased, and that they so signed in compliance with her wishes.

3. If the jury find that Eliza A. Taylor executed the paper offered in evidence as her will, in the manner testified to by the subscribing witnesses, and also find that at the time of so doing, she was capable of understanding the business in which she was engaged, and of executing a valid deed or contract, then the legal presumption is, that she knew and understood the contents of said paper.

4. That the legal presumption is, that every person is of sound mind sufficient to make a valid deed or will until the contrary is proven, and the burden of proof necessary to establish mental incapacity rests upon the caveator.

5. That peculiarities of conduct and appearance, and eccentricities of character do not incapacitate a person for making a will; and if the jury find the facts stated in the caveatee's first prayer, they are sufficient to authorize the jury to find that the paper offered in evidence is the true and valid will of Eliza A. Taylor.

6. That the influence necessary to be found by the jury to authorize them to find against the validity of the will, must be not merely such as resulted from civilities, attention, kindness and affection, but must be found by the jury to have been an influence of such controlling force, as deprived the testatrix of her free agency in making the will.

7. That in passing upon the mental capacity of the testatrix, the jury should bear in mind that the mere opinions of witnesses are entitled to weight only to the extent that they are supported by good reasons founded on facts which warrant them in the opinion of the jury. If the reasons are frivolous or inconclusive, the opinions of such witnesses are of no value.

The caveator excepted specially to the caveatee's first prayer on the ground that the question of Eliza A. Taylor's knowledge of the contents of the alleged will, was not submitted to the jury by that prayer.

The Court (STUMP, J.,) granted the caveator's first, second, third, fourth, fifth, tenth and eleventh prayers, and granted his ninth prayer after amending it, by striking out the words included in brackets, but refused to grant his sixth, seventh, eighth and twelfth prayers, and overruled his special exception to the caveatee's first prayer, and

granted the prayers offered by the caveatee, the seventh being admitted by the caveator. The caveator excepted.

The jury found a verdict for the caveatee upon all the issues, and the caveator appealed.

The cause was submitted to BARTOL, C. J., GRASON, MILLER, ALVEY and ROBINSON, J.

*R. R. Vandiver, Jr., Noble T. Biddle* and *Alexander Evans*, for the appellant.

*Wm. S. Evans* and *Henry W. Archer*, for the appellee.

ROBINSON, J., delivered the opinion of the Court.

The will of Eliza A. Taylor, was admitted to probate on the 9th of December, 1872, and on the petition of the caveator, now appellant, issues, involving *the execution of the will, knowledge of its contents by the testatrix, fraud and undue influence*, were sent to the Circuit Court for trial.

At the trial below, the caveator offered twelve prayers, the sixth, seventh, eighth and twelfth of which were refused, and the ninth was modified by the Court.

We have carefully examined the record before us, and have not been able to find a particle of evidence to support either of these rejected prayers. Proof was offered tending to show a want of *testamentary capacity* on the part of the testatrix, but this question was submitted to the jury, and all the instructions offered by the *caveator*, on this branch of the case, were granted by the Court. But there is no evidence from which the jury, in the exercise of a reasonable intelligence, could find either *fraud* or *undue influence*, or that the will was procured by persons standing in *a confidential relation to the testatrix*, or that the provisions of the will were the result of the suggestions or promptings of other persons, which the testatrix was un-

able to resist. This case, like every other case, must be tried by the law and the evidence, and the Court very properly refused to grant instructions to the jury, upon an assumed statement of facts, in support of which no evidence had been offered by the caveator.

The twelfth prayer was also properly refused. In this State, the presumption of law is in favor of *sanity*, and the *burthen of proof* is upon the party impeaching a will for want of testamentary capacity. Where *permanent insanity* is proven, the burthen is shifted, and in such a case the person setting up the will, must prove the competency of the testator at the time of its execution. The twelfth prayer of the caveator however asserts, that if the testatrix was of *unsound mind at any time prior to the date of the will, or within a few years after that date,* the burden of proof is shifted to the caveatee. Evidence in regard to the condition of the mind, subsequent to the execution of a will, is admissible for the purpose of shedding light upon the inquiry, and thereby to assist the jury in determining the general question of testamentary capacity. But the bare proof of mental unsoundness a *few years* after the execution of a will, without regard to the nature and character of such unsoundness, whether it be of a *permanent* or *temporary character*, will not be sufficient to rebut the presumption of law in favor of sanity, and thereby shift the burthen of proof.

So far then as concerns this case, if the will in question was properly executed, and the testatrix was of "sound and disposing mind, memory and understanding, and capable of executing a valid deed or contract," that is to say, was capable of understanding the business she was engaged in, the nature and extent of the property she desired to dispose of, and the relative claims of those who were or should have been the objects of her bounty, and the same was her *free and voluntary act,* the jury were bound to find for the caveatee, and the Court so instructed the jury.

The appellant, however, objects to this instruction, on the ground that it does not in, terms submit to the jury, the question whether the testatrix had knowledge of the contents of the will? It is essential of course to the validity of every will, that the party making it should know and understand its contents, otherwise it is not his will. But where a person of *sound* mind executes a will, and the same is his *free and voluntary* act, the law presumes knowledge on his part of its contents. This presumption it is true, may be rebutted by the facts and circumstances surrounding its execution, and cases may arise in which it is proper to submit to the jury the distinct question, whether the testator understood its contents. Where, for instance, there are suspicious circumstances surrounding the execution of a will, made by a person suffering from extreme debility arising from old age or sickness, especially if he could neither read nor write; or where a will is prepared by a person standing in a confidential relation, and who is largely benefited by it, or even where the testator is of sound mind, if there be proof to show that he did not understand its contents, an extreme case however, in these and other like instances, it may be proper for the jury to find affirmatively, that the testator understood the contents of the will.

But in the case before us, assuming that the testatrix was of sound mind, and that the will was her free and voluntary act, there is not a particle of proof to repel the presumption of knowledge of its contents. On the contrary, the evidence shows, that it was prepared by her attorney according to her directions, and then read over to her, and she said she understood it and was satisfied with its provisions. Under such circumstances the jury was bound by the presumption of law, in favor of knowledge of the contents of the will on the part of the testatrix.

"Once get the facts admitted or proved," says Sir J. P. WILDE, in *Atter vs. Atkinson*, 1 *Probate and Divorce*, 670,

(*Law Reports*,) "that a testator is capable, and that there is no fraud, that the will was read over to him and that he put his hand to it, and the question whether he knew and approved of its contents is answered."

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 15th December, 1876.)