ISABELLA RICHARDSON *vs.* ELIZA A. SMITH, ADMINISTRATRIX OF WILLIAM RICHARDSON.

*Issues from the Orphans' Court—Proof of Marriage.*

Issues sent from an Orphans' Court to a Court of law for trial ought to be framed with reference to the persons named and the matters set forth in the petition and answer.

Such issues should not be unnecessary reduplications of the same matter.

Where the petition asked for the issue: Whether Isabella Richardson . is the widow of William Richardson; it is error in the Orphans' Court to frame issues presenting the questions whether William Richardson was the husband of Isabella Parsons, and if yea, when, where and how was their marriage celebrated.

In this State there cannot be a valid marriage without a religious ceremony; but marriage may be proved by general reputation, cohabitation and acknowledgment, and when these exist it will be inferred that a religious ceremony has taken place, although evidence may not be obtained of the time, place and manner of the celebration.

Appeal from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ.

*Charles E. Hill*, (with whom was *Frederick P. Ross*, on the brief), for the appellant.

The issues set forth in the order are improper; they contain irrelevant matters and are misleading and inconclusive. The order of the Court makes Isabella Richardson, plaintiff; the question presented by each of the three issues, is as to the relation of William Richardson with one *Isabella Parsons*. Who is *Isabella Parsons?* Outside of this order, the name does not appear in the record. No testimony or evidence has been taken in these proceedings, no such person has been before the Court, and as far as these proceedings are concerned, there is no such person. Should these issues be transmitted as ordered and determined by a jury in the affirmative or in the negative, it would not conclude the claim of Isabella Richardson set up in her petition. If the name of the petitioner was inserted instead of the name *Isabella Parsons*, the issues would still be objectionable. The first issue seems to be an attempt to incorporate in a question, a legal definition of one of the elements necessary to constitute a woman, a widow. It is not the province of the Orphans' Court in framing issues to give legal definitions. *Sumwalt* v. *Sumwalt*, 52 Md. 347. If there was a legal marriage, it makes no difference " when, where or how " it was celebrated and such inquiry tends to mislead a jury. Marriage may be proven from cohabitation, general reputation and acknowledgment. *Sellman* v. *Bowen* 8 G. & J. 50; *Crawford* v. *Blackburn*, 17 Md. 49.

*W. Hall Harris* and *William Colton* (with whom was George R. Willis* on the brief), for the appellee.

That it was within the power of the Orphans' Court to exercise its judgment in determining what facts were in issue between the parties, and material to be submitted to a

jury for decision, had been law in this State long before its definite announcement by this Court in *Munnickhuysen* v. *Magraw*, 35 Md. 280; *Williamson* v. *Montgomery*, 40 Md. 378. It is contended that if the issues substantially submit the real question, making it at once sufficiently comprehensive fully to inform the jury, and not unnecessarily technical or multifarious, such issues will be approved upon appeal. If the issues as framed present every material fact necessary to be determined, this Court will affirm the order, transmitting them for trial. *Williamson* vs. *Montgomery*, 40 Md. 373, 379.

That this Court will not reverse the Orphans' Court upon the grant of issues to the Court of Law merely because of a multiplication of issues or of an unsystematic arrangement of them, was specifically determined in the case of *Worthington* v. *Ridgely et al.*, 52 Md. 349, 354, 356, where the issues granted were confessedly multiplied beyond any necessity, and so numerous and ill-arranged as certainly to create serious confusion before the jury; yet, inasmuch as this Court found them substantially to present the facts really at issue, it affirmed the action of the Orphans' Court and indicated the manner in which the apparent confusion might be remedied. The case at bar is, in its worst aspect, simple in comparison to this, and can but require that instruction to the jury which "the able Court before which the case will be tried will" see is afforded. (Page 356.)

This Court will never reverse the rulings of a Court of Law where the appellant has suffered no injury, and where his case has been as favorably presented as he was entitled to have it, whether such rulings be technically correct in law or not. *Cooper* v. *Utterbach*, 37 Md. 282, 319; *Rapp* v. *Berger & Dittman*, 60 Md. 1, 14; *Keener* v. *Harrod & Brooke*, 2 Md. 63, 74; *Johns* v. *Caldwell*, 60 Md. 259.

Parties asking a removal of an order of the Orphans' Court, must appear to have a standing in Court, and to have been injured by the order appealed from, and they must show this, or the appeal will be dismissed. *Hinkley, Testa-*

*mentary Law,* sec. 1773 ; *Hoffar* v. *Stonestreet,* 6 Md. 303 ; *Cecil* v. *Cecil,* 19 Md. 78.　If the appellant is prepared to prove the allegations of her petition, she must be equally prepared to furnish the proof necessary to support the issues as granted.

BRYAN J., delivered the opinion of the Court.

Isabella Richardson, by her petition in the Orphans' Court of Baltimore County, alleged that she is the widow of William Richardson, who died intestate, and, that without notice to her, letters of administration on his estate have been granted to his sister, Eliza A. Smith.　The petitioner prays that the letters may be revoked, and that she may have general relief.　Eliza A. Smith answered the petition and denied that the petitioner was the widow, and that she was ever the wife of the deceased.　The petitioner prayed an issue in the following terms : " Whether the petitioner, Isabella Richardson, is the widow of William Richardson, deceased."　The Orphans' Court refused to grant the issue proposed in behalf of the petitioner and ordered the three following :

*1st Issue.*—" Was William Richardson, late of Baltimore County, deceased, married to Isabella Parsons ; and if yea, when, where, and how was said marriage celebrated ?

*2nd Issue.*—Was William Richardson the husband of said Isabella Parsons at the time of his death, to-wit, December 10th, 1893 ?

*3rd Issue.*—Was Isabella Parsons the wife of William Richardson at the time of his death, to-wit, December 10th, 1893 ? "

The issue prayed on the part of the petitioner was a clear statement of the question in controversy.　There is no reason why it should not have been granted.　The issues which were granted present an inquiry about the marriage of Isabella Parsons, when no person bearing that name is mentioned in the pleadings.　It may be surmised that the petitioner is the person who is meant ; but nevertheless, the issues ought to be framed concerning the persons named

and the matters set forth in the petition and answer. Suprposing that these issues relate to Isabella Richardson, the second and third are in effect the same, and are merely repetitions of the issue proposed by the petitioner. And the third presents the question of marriage between the parties, and also the additional inquiry when, where, and how it was celebrated. In this State there cannot be a valid marriage without a religious ceremony, but a marriage may be competently proved without the testimony of witnesses who were present at the ceremony. It would work very cruel injustice in many instances, if the law were otherwise. The witnesses might be dead, and competent written evidence of the ceremony might be unattainable. It would not follow, however, that the union between the parties would be considered illicit and the children illegitimate. The law has wisely provided that marriage may be proved by general reputation, cohabitation and acknowledgement; when these exist, it will be inferred that a religious ceremony has taken place; and this proof will not be invalidated because evidence cannot be obtained of the time, place and manner of the celebration of the marriage. On this point we think it unnecessary to do more than quote from *Redgrave* v. *Redgrave*, 38 Maryland, page 97: "Where parties live together ostensibly as man and wife, demeaning themselves towards each other as such, and are received into society and treated by their friends and relations as having and being entitled to that status, the law will, in favor of morality and decency, presume that they have been legally married. 1 *Taylor's Ev.*, sec. 140, 517; *Hervey* v. *Hervey*, 2 W. Bl. 877; *Goodman* v. *Goodman*, 28 L. J. Ch. 1; *Jewell* v. *Jewell*, 1 How. U. S. 219, 232. Indeed the most usual way of proving marriage, except in actions for criminal conversation and in prosecutions for bigamy, is by general reputation, cohabitation and acknowledgment. *Sellman* v. *Bowen*, 8 Gill & John. 50; *Boone* v. *Purnell*, 28 Md. 607."

The issue prayed by the petitioner presented the question

with great simplicity, while the issues granted by the Orphans' Court were unnecessary reduplications of the same matter. This Court has said (*Sumwalt* v. *Sumwalt*, 52 Md. 348): "In our opinion, the correct rule to be observed, and the one which will best subserve the purposes of justice, is to grant no more than one issue presenting the same substantial question; and secondly, not to multiply the issues unnecessarily, and to grant such only as distinctly present the real questions in dispute." For error in refusing the issue prayed by the petitioner, and in granting the other three, the order of the Orphans' Court must be reversed, and the case remanded for further proceedings in accordance with this opinion.

*Reversed and remanded.*

(Decided November 22d, 1894.)