EDWARD H. HALL, ISABELLA B. HALL AND PATTY
W. JEWELL

*vs.*

OSBORNE I. YELLOTT AND THEODORE W. FORBES,
EXECUTORS.

*Wills: caveat; presentation of issues; evidence.*

Whether the contents of the paper writing "dated * * * and
purporting to be the last will * * * were read to or by him, *or*
known to him, at or before the time of the alleged execution
thereof," is the accepted form in this State of presenting the
issue of an alleged testator's knowledge of the paper purporting
to be his will.                          pp. 247-248

On a caveat to a will it is error to submit issues to the con-
sideration of the jury in support of which there is no evidence.
                                              p. 250

*Decided February 15th, 1917.*

Appeal from the Orphans' Court of Baltimore County.

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, PATTI-
SON, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Stevenson A. Williams* and *T. Scott Offutt* (with whom
was *Walter W. Preston* on the brief), for the appellants.

*George Weems Williams* (with whom were *Frank Gosnell*
and *Osborne I. Yellott* on the brief), for the appellees.

PATTISON, J., delivered the opinion of the Court.

On the twelfth day of August, 1916, Dr. Thomas Hall Emory, late of Baltimore County, executed a paper writing purporting to be his last will and testament, in which he named the appellees as his executors, and two days thereafter he died at Saranac Lake, in the State of New York.

On the twenty-first day of the same month, a caveat thereto was filed by the appellants, Edward H. Hall, Isabella B. Hall and Patty W. Jewell, the brother and sisters of the deceased mother of Dr. Thomas Hall Emory, deceased, and his next of kin. In their petition and caveat so filed, they alleged, in addition to the fact that the paper writing is not the last will and testament of the said Thomas Hall Emory:

"(1) That the paper was not signed by the said Thomas H. Emory or by any person in his presence and by his expressed direction, nor attested and subscribed in the presence of each other by two or more credible witnesses.

"(2) That it was executed by Thomas Hall Emory when he was not of sound and disposing mind and capable of executing a valid deed or contract.

"(3) That it was procured by undue influence, exercised and practiced upon the said Thomas Hall Emory constraining his will therein."

The executors filed their answer thereto, denying all the allegations set forth in the caveat relating to the validity of said alleged will and declaring that said paper writing mentioned in the petition was in truth the last will and testament of Dr. Emory. Thereafter the caveators filed their replication to the answer of the executors. A supplemental petition was subsequently filed by the caveators, alleging therein as a further reason why the paper writing should not be admitted to probate: "That at the time of the execution of the said paper writing, the said Thomas Hall Emory did not know and understand the contents thereof," to which supplemental petition the executors, as caveatees, filed their

answer: "Averring that at the time of the execution of the said paper writing referred to in the petition the said Thomas Hall Emory did know and understand the contents thereof," and to this answer the caveators filed their replication.

On the 5th day of September the caveators presented to the Court the following issues to be transmitted to a Court of law for trial:

"1. Whether the paper writing dated the 12th day of August, in the year 1916, and purporting to be the last will and testament of the said Thomas Hall Emory, deceased, was signed by the said Thomas Hall Emory and attested and subscribed in his presence and in the presence of each other by two credible witnesses.

"2. Whether the contents of the paper writing dated the 12th day of August, in the year 1916, and purporting to be the last will and testament of the said Thomas Hall Emory, deceased, were read to or by him *and* known to him at or before the time of the alleged execution thereof.

"3. Whether the execution by the said Thomas Hall Emory, deceased, of the paper writing dated the 12th day of August, in the year 1916, and purporting to be the last will and testament of the said Thomas Hall Emory, deceased, was procured by undue influence exercised and practiced upon him.

"4. Whether the paper writing dated the 12th day of August, in the year 1916, and purporting to be the last will and testament of the said Thomas Hall Emory, deceased, was executed by him when he was of sound and disposing mind and capable of executing a valid deed or contract."

The executors answered consenting to the form of all the issues proposed by the caveators except the second issue and suggested that it should read as follows:

"(2) Whether the contents of the paper writing dated the 12th day of August, in the year 1916, and purporting to be the last will and testament of the

said Thomas Hall Emory, deceased, was read to or by him, *or* known to him at or before the time of the alleged execution thereof."

The Court adopted the first, third and fourth issues as framed by the caveators and the second issue in the form suggested by the executors and ordered that said four issues be sent to the Circuit Court for Baltimore County for trial by jury.

The caveators thereupon appealed from the order "refusing the second issue prayed by the caveators."

The form of the second issue as proposed by the executors and adopted by the Court differs from the form proposed by the caveators only in the use of the italicized word "or" that is substituted for the italicized word "and" found in the issue as proposed by the caveators.

It will thus be seen that the single issue involved in this appeal is whether the caveators were entitled to have the second issue, as framed by them, transmitted for trial by jury.

The form of the second issue adopted in this case has been invariably used in this State in presenting the question of the alleged testator's knowledge of the contents of his alleged will; and after a careful examination of the many decisions in this State we, have been unable to find that such issue has ever been presented in the form proposed by the caveators; this is true both in those cases where the sanity of the party making the alleged will was assailed, and where it was conceded. Mr. Hinkley in his work on *Testamentary Law,* page 252, sec. 619, following the case of *Munnikhuysen* v. *Magraw,* 35 Md. 280, adopted this form as one to be used in presenting the question of knowledge of the contents of the will, and we find the same form in "Carey's Forms," page 762, No. 927. This exact form is used in the following cases: *Lyon* v. *Townsend,* 124 Md. 163; *Harris* v. *Hipsley,* 122 Md. 418; *Grill* v. *O'Dell,* 113 Md. 625; *Pleasants* v. *McKenney,* 109 Md. 277; *Robinson* v. *Jones,* 105 Md. 62; *Struth*

v. *Decker,* 102 Md. 496; *Tabler* v. *Tabler,* 62 Md. 601; *Taylor* v. *Creswell,* 45 Md. 422; *Taylor* v. *Nuttle,* 62 Md. 342, and other cases.

The form of this issue was especially discussed in *Munnikhuyson* v. *Magraw, supra.*

In that case the caveators offered the issue differing in form from the one generally used and adopted, and it was objected to by the caveatees. The Court after considering and discussing the issue as offered refused to transmit it, but accepted the issue proposed by the caveatees, which was in the form of the one adopted in this case. In the later case of *Taylor* v. *Nuttle, supra,* JUDGE ROBINSON, speaking for the Court, said of the issues offered: "They are word for word, the issues offered in *Munnikhuyson* v. *Magraw;* and there can be no objection therefore to them." It is true that in these cases the sanity of the testator was not assailed, but in other cases that followed in which the same form of issue was used the sanity of the testator was assailed.

The caveators in their brief speaking of this issue say that it involves the "inquiry not so much whether the supposed will was read to or by Dr. Emory, but whether its contents were known to and understood by him. If, as alleged in the fourth issue, he was not of sound and disposing mind and capable of executing a valid deed or contract, then the reading to or by him of the contents of the will would not raise any presumption that he understood or knew its contents." They then quote from *Taylor's case, supra,* where it is said: "It is essential of course to the validity of every will, that the party making it should know and understand its contents, otherwise it is not his will. But where a person of sound mind executes a will and the same is his free and voluntary act, the law presumes knowledge on his part of the contents. This presumption, it is true, may be rebutted by the facts and circumstances surrounding its execution, and cases may arise in which it is proper to submit to the jury the distinct question, whether the testator understood its contents. Where,

for instance, there are suspicious circumstances surrounding the execution of a will made by persons suffering from extreme debility arising from old age or sickness, especially if he could neither read nor write; or where the will is prepared by persons standing in a confidential relation or who are largely benefited by it, or even where the testator is of sound mind, if there is proof to show that he did not understand its contents, an extreme case, however, in these and other like instances, it may be proper for the jury to find affirmatively, that the testator understood the contents of the will."

It would therefore seem if we correctly understand the position of the caveators that it is because of suspicious circumstances surrounding the execution of the alleged will in this case that such inquiry should be made in the form proposed by them, in order that there may be an affirmative finding by the jury that he did not understand the contents of the will even though it was read to or by him.

Assuming, without deciding, that the contention of the caveators correctly interprets the meaning of the Court in that case, we do not find that the facts and circumstances surrounding the execution of the alleged will, as disclosed by the record, are of such a *suspicious* character in respect thereto as to warrant a departure from the well established form of the issue as used in this State.

The Court refusing the issue as proposed by the caveators acted, we think, within its authority and jurisdiction and committed no error in its refusal to transmit this issue as framed by the caveators.

The order will therefore be affirmed.

> *Order affirmed, the appellants to pay the cost in this Court.*