LOUISE TULL BAKER ᴇᴛ ᴀʟ. *v.* BALTIMORE TRUST
COMPANY, Eχᴇᴄᴜᴛᴏʀ-Tʀᴜsᴛᴇᴇ.

[No. 89, October Term, 1927.]

*Decided February 2nd, 1928.*

The cause was argued before Boɴᴅ, C. J., Pᴀᴛᴛɪsᴏɴ,
Uʀɴᴇʀ, Aᴅᴋɪɴ̊s, Oꜰꜰᴜᴛᴛ, Dɪɢɢᴇs, Pᴀʀᴋᴇ, and Sʟᴏᴀɴ, JJ.

*Wailes & Robins, H. Fillmore Lankford, William L.
Rawls,* and *Clarence A. Tucker,* submitting on brief, for the
appellants.

*Frank B. Ober,* with whom were *Janney, Ober, Slingluff &
Williams,* and *Miles & Myers,* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

In settling the forms of issues to be submitted to a jury in connection with a caveat of a will, the caveators requested an issue whether the testator at the time of executing the will did "know and understand the contents of said paper writing," and the orphans' court rejected this form of issue and ordered the transmission, in its stead, of an issue whether "the contents of the paper were read to or by the testator, or known to him at or before the time of the alleged execution thereof." And the caveators appeal from the refusal of the issue as they had framed it.

The testator was Edward H. Tull, of Somerset County, and the appellants who filed the caveat declare themselves to be a sister and a brother respectively of the deceased. The petition and caveat allege as specific grounds of attack upon the paper offered as a will: that it was not formally executed as required by law, that Edward E. Tull was at the time not of sound and disposing mind and capable of executing a valid deed or contract, that execution of the paper was procured by undue influence exercised and practised upon him, that it was procured by fraud, and that the supposed will was not understood by Edward E. Tull and the contents were not made known to him.

A question whether a testator knew and understood the contents of the paper which he executed is, of course, one submitted for consideration upon the supposition that the will may not be invalid because of mental incapacity, or in case the jury find the testator was capable. Invalidity upon the broad ground of mental incapacity would clear away any question of knowledge and understanding, and it is only the knowledge and understanding of a mentally capable testator that would ever be relevant. And it is not ordinarily relevant at all, for the questions which it would in ordinary cases set a jury to investigating, such as whether the testator paid sufficient attention to what he was signing, whether he reflected upon it sufficiently, or whether he comprehended the phraseology used by his draftsman to accomplish his purposes, are not questions open to inquiry. Wills above all other written

instruments must stand as written so long as they have been freely signed by competent testators. The law provides safeguarding formalities of execution to give assurance that they are, after the death of the testators, to be taken as expressions of their purposes, and with these all complied with, that which a competent testator has executed after reading it or hearing it read and left to be carried out as his will, must, generally speaking, be carried out. *Taylor v. Creswell,* 45 Md. 422, 430.

In some situations a question of his understanding the contents of the paper, notwithstanding the fact that he knew them, may be permitted, especially where it is shown that some fraud or accident, sickness, or debility, may have intervened to prevent understanding; such an intervening influence is often considered on an issue of procurement of execution by undue influence. It is difficult to formulate a single description of all the situations in which this question of understanding has been permitted, and we do not undertake it, but they are exceptional, and in a particular case, unless one is shown to exist, there would be no legitimate foundation for the question, and the effect of permitting it, and transmitting it in the form of an issue, would be to set the jury to investigating such improper and irrelevant matters as have been suggested above. Therefore it is not a question to be submitted in all cases, or to be submitted in any except those in which reasons for it are shown to the court. In this case the orphans' court has allowed in the issue granted the question whether the contents of the will were read to the testator or made known to him, and the further question which the caveators request, whether the testator in addition to this understood the contents so read or made known to him appears to have no place in the case, and so was properly refused on the pleadings as they stood. *Lyon v. Townsend,* 124 Md. 163, 191; *Taylor v. Creswell,* 45 Md. 422, 430. For reference to later English decisions, *Gregson v. Taylor,* 117 L. T. Rep. 318.

*Order affirmed, with costs to the appellee.*