JULIUS P. ROBINSON *v.* JOSEPH T. ROBINSON
ET AL, EXECUTORS

[Nos. 7, 23, 24, 43, October Term, 1940.]

*Decided December 17th, 1940.*

The causes were argued before BOND, C. J., PARKE, SLOAN, JOHNSON, and DELAPLAINE, JJ.

*Julius P. Robinson,* for the appellant.

*Randolph Barton, Jr.,* with whom were *Joseph Siegel* and *Jesse Fine* on the brief, for the executors, appellees.

JOHNSON, J., delivered the opinion of the Court.

Since these four separate appeals, from orders of the Orphans' Court of Baltimore City, by Julius P. Robinson, were all passed in relation to the same estate, the questions presented were argued together and will be considered in one opinion.

Samuel LeRoy Robinson departed this life in Baltimore City September 17th, 1938, leaving an alleged last will and testament, in which Joseph T. Robinson, David Kirshner and Mercantile Trust Company of Baltimore were designated executors. That instrument was offered for probate in the Orphans' Court of Baltimore City, and upon objection of certain next of kin and heirs-at-law of decedent to the effect that it was not his last will, probate was withheld to enable the objectors to locate a later will, if such in fact existed, but on November 29th, 1938, no such later will having been produced, the document was admitted to probate and letters testamentary were granted upon the estate.

At the time of his death Samuel LeRoy Robinson was a widower and his next of kin and heirs-at-law, including appellant, a nephew, were collateral relatives. To the paper writing referred to and admitted to probate, appellant on September 27th, 1939, filed a caveat alleging (a) that it was not his uncle's last will and testament; (b) that the said decedent died intestate; (c) that the paper writing was invalid as decedent's last will and

testament; (d) that the paper writing, which was admitted to probate, was not executed in accordance with the laws of the State of Maryland; (e) that decedent at the time of its alleged execution was not of sound and disposing mind and was not capable of executing a valid deed or contract; (f) that the paper writing, which had been admitted to probate, was procured by undue influence exercised upon Samuel LeRoy Robinson; (g) that it was obtained by fraud. An answer was filed to the caveat by the executors, denying its allegations, and asserting that the paper writing as filed and admitted to probate was in fact the last will and testament of Samuel LeRoy Robinson. Subsequently the caveator filed in the Orphans' Court a petition for eight issues to be transmitted to a court of law for trial. Of those the Orphans' Court granted six as follows: (1) As to whether decedent at the time of the execution of the paper writing was of sound and disposing mind and capable of executing a valid deed or contract; (2) whether the said paper writing purporting to be his last will and testament was signed by decedent or by some one in his presence and by his express direction, and attested and subscribed to in his presence by two or more credible witnesses; (3) whether the said paper writing was procured by undue influence exercised upon the testator, the said Samuel LeRoy Robinson; (4) whether the instrument was procured by fraud; (5) whether it was revoked by decedent after its making and execution; (6) whether the paper writing purporting to be his last will and testament was in fact such.

The second issue requested by the caveator was whether the contents of the paper writing purporting to be decedent's last will and testament were read to him or by him or known to him at or before the time of its execution, while his seventh issue sought the answer of a jury as to whether there was "stolen, destroyed or misplaced a valid last will and testament of the said Samuel LeRoy Robinson later in date than the paper writing of February 16th, 1929, and alleged to be his last will and

testament." From the action of the court in refusing to submit the two last-named issues the appeal in No. 7 was taken.

On February 23rd, 1940, appellant filed in the Orphans' Court a petition to have Joseph T. Robinson, one of the executors named in his uncle's will, removed from office. The reasons assigned therefor were (1) that such coexecutor was a victim of Raynaud's disease, in consequence of which he had been unable to engage in a gainful occupation for ten years and was drawing weekly or monthly disability payments from several life insurance companies who had insured him against disability; (2) that such coexecutor was not physically capable of carrying on his duties as executor, and on one occasion the said Joseph T. Robinson, his wife and a medical doctor, feeling that Samuel LeRoy Robinson was going to die, "successfully conspired to prevent him from marrying a lady of his choice in the Sinai Hospital before he died, thus preventing her from becoming entitled to and acquiring one-half of" his estate.

Again, on March 14th, 1940, appellant filed a second petition upon similar grounds to have Joseph T. Robinson removed as one of the executors of the estate of Samuel LeRoy Robinson. An additional allegation was that Joseph T. Robinson had in his possession an electric refrigerator which he had "concealed from and failed to report in his inventory and appraisement in the estate," and had also failed to report in his inventory "one ice cream parlor or drug store table and three or four chairs," which articles were in the home of Joseph T. Robinson.

On April 17th, 1940, the Orphans' Court granted the motion of Joseph T. Robinson to dismiss the petition of February 23rd, 1940, and to its action the appeal in No. 23 was taken, while on May 3rd, 1940, the court granted an additional motion of Joseph T. Robinson to dismiss the petition filed on March 14th, 1940, save and except as to the fifth paragraph thereof, as to which the motion to dismiss was taken and considered as an answer by

Joseph T. Robinson. From that order the appeal in No. 24 was taken.

On June 26th, 1940 appellant filed a further petition in the estate, in which he recited he had appealed from the two orders of the court dismissing the petitions previously mentioned and felt that the Orphans' Court should withhold sending issues to a court of law until it had been finally determined by the appeal as to whether Joseph T. Robinson was to act as a coexecutor of the estate. The court refused to sign an order staying the proceedings, because they regarded the appeals which had been taken as automatically effecting a stay, and from such refusal the fourth appeal was taken.

The questions raised by these appeals will be considered in the order which they have been stated.

As to the refusal of the Orphans' Court to grant issues (a) as to whether decedent's will was read to him or by him, and (b) whether a valid will later in date than the one probated was "stolen, destroyed or misplaced," we are of the opinion that the court's action was correct for the reason that neither by the caveat nor answer thereto appears any suggestion or basis therefor. *Gross v. Burneston*, 91 Md. 383, 46 A. 993. Furthermore, nothing appears in appellant's petition for issues to justify the conclusion that testator's lack of understanding of the contents of the instrument is a proper subject for inquiry by a jury under the law of this state, as pronounced by this court in *Baker v. Baltimore Trust Co.*, 154 Md. 390, 140 A. 599.

The reason assigned in the petition of February 23rd, 1938, for removal of Joseph T. Robinson, one of the coexecutors of the estate, from office are (1) that he is physically unfit, because he is suffering from Raynaud's disease, (2) that he with others during testator's last illness prevented him from marrying. But physical disability alone is not sufficient to disqualify one from acting as executor. *Mobley v. Mobley*, 149 Md. 401, 131 A. 770, and cases there cited. Section 56, Code, article 93, prescribes qualifications for an executor, and tested

thereby, the petition wholly fails to state cognizable grounds for his removal, the fact, if it be a fact, that he persuaded Samuel LeRoy Robinson not to marry being entirely foreign to the question of his qualifications to act as a coexecutor of his estate.

His petition of March 14th, 1940, seeking removal of Joseph T. Robinson as coexecutor of the estate is based upon the same grounds as was the petition heretofore considered, plus the additional allegation that the named coexecutor had concealed and failed to return in the inventory of the estate certain named articles in his possession. Paragraph 5 of the petition charging such concealment was not dismissed by the Orphans' Court, but the motion of the coexecutor to dismiss the entire petition contained an allegation that title to the articles allegedly concealed was in the said Joseph T. Robinson. The court passed an order dismissing the petition except as it related to that paragraph, as to which matter no disposition has so far been made. Its action, therefore, went no further than it did with reference to the former petition, and was manifestly correct.

Appellant's final petition recited his appeal from the two orders of the court dismissing his petitions already considered, and asked that the court defer sending issues to a court of law for trial until the right of Joseph T. Robinson to act as a coexecutor of the estate had been determined, but the Orphans' Court refused to pass the order requested.

The caveat proceedings, being *in rem*, could not have been affected by the result of appellant's efforts to remove the coexecutor of the estate, hence the appeals in Nos. 23 and 24 would not stay such proceedings as could be consistently carried on. Code art. 5, sec. 68. Under that section, it is plain that the Orphans' Court was without jurisdiction to pass the order requested. It follows that the action of the court upon all orders appealed from was correct and should be affirmed.

*Orders in Nos. 7, 23, 24 and 43 affirmed,*
*with costs.*