JOHN A. RIGGS ET AL. *v.* SAFE DEPOSIT & TRUST COMPANY OF BALTIMORE CITY

[No. 58, October Term, 1945.]

 

 ██

 ██

 ██

*Decided March 13, 1946.*

The cause was submitted to. MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, and HENDERSON, JJ.

*Isaac Lobe Straus* (deceased) on brief for the appellants.

*Randolph Barton, Jr.,* on brief for the appellee.

GRASON, J., delivered the opinion of the Court.

On the 19th day of December, 1944, the Orphans' Court of Baltimore City admitted to probate a paper-writing dated the 10th day of May, 1944, purporting to be the last will and testament of Elizabeth Riggs Howard, deceased, and granted letters testamentary to The Safe Deposit & Trust Company, as executor. She left a sister and three brothers as her next of kin, who were provided for in the will. They filed in said court a petition and caveat to said paper-writing, in which they charged that said paper-writing was not the last will and testament of the decedent and that she died intestate. The petition and caveate further alleged lack of the following: A. proper execution of the alleged will and testament; B. a sound and disposing mind; C. knowledge of the contents of the alleged will and testament. The petition and caveat then charged: D. "That the said Elizabeth Riggs Howatd, at the time of the alleged execution by her of said alleged Last Will and Testament, was so weakened and enfeebled and incapacitated by extreme age, and by illness and debilitation of both mind and body, that she was prevented from understanding, and did. not understand, the contents of said alleged Last Will and Testament"; E. that said last will and testament was procured by undue influence practiced upon said Elizabeth Riggs Howard and constraining her will therein.

The answer of the executor and caveatee admits that caveators are the next of kin of the testatrix, asserts

that the paper-writing dated the 10th of May, 1944, is in fact the last will and testament of Elizabeth Riggs Howard, deceased, and that she did not die intestate; denies the allegations in paragraphs A., B., C., and E. of the petition and caveat; and as to paragraph D. says: "that the said Elizabeth Riggs Howard at the time of the execution of said Last Will and Testament was not too weakened and enfeebled and incapacitated by extreme age, and by illness and debilitation of both mind and body or by any other reason that she was prevented from understanding and, therefore, did not understand the contents of said Last Will and Testament. On the contrary this Respondent alleges that she was entirely competent both mentally and physically to execute such instrument."

To this answer replication was filed. Thereafter caveators filed a petition for issues to be sent by the Orphans' Court to a court of law for trial by jury, and prayed that five issues be submitted, the fourth issue thereof being as follows, to wit: "Was the said Elizabeth Riggs Howard, at the time of the alleged execution by her of said paper-writing dated May 10, 1944, purporting to be the Last Will and Testament of said Elizabeth Riggs Howard, so weakened and enfeebled and incapacitated by extreme age and by illness and debilitation of both mind and body, that she was prevented from understanding, and did not understand, the contents of said paper-writing purporting to be her Last Will and Testament?" To this petition caveatee replied and objected to certain issues proposed by caveators, and the Orphans' Court thereafter, on the 9th day of June, 1944, sustained caveatee's objection to the fourth issue and sent issues to the Court of Common Pleas of Baltimore City to be tried and determined by a jury. The issues, presented in the usual and standard form were: 1. due execution of the will; 2. mental capacity; 3. knowledge of the alleged will at the time of its execution; 4. undue influence. These issues were not objected to by the caveators

and this appeal is from the order of the Orphans' Court refusing the proposed fourth issue of the caveators.

It was said in *Gross v. Burneston*, 91 Md. 383, at page 389, 46 A. 993, at page 994: "Issues sent from an orphans' court to a court of law for trial 'ought to be framed concerning the persons named and the matters set forth in the petition and answer.' *Richardson v. Smith*, 80 Md. 89, 30 A. 568. 'An issue is formed by affirming a matter on one side and denying it on the other. This collision of statement is its very substance and essence.' *Little Sisters of the Poor et al. v. Cushing*, 62 Md. 420."

It is asserted by appellants, referring to their proposed fourth issue: "The parties themselves, by their own pleadings, have positively declared and raised this question as a definite and categorical issue between them." With this we do not agree. The answer of the executor to the petition and caveat denied that Elizabeth Riggs Howard, at the time she executed the alleged last will and testament, was too weakened and enfeebled and incapacitated by extreme age or illness and debilitation of both mind and body, or for any other reason, prevented from understanding the contents of said alleged last will and testament, but on the contrary asserts that the testatrix was entirely competent both mentally and physically to execute said instrument. A reading of the proposed fourth issue would cause one to think that its purpose was to raise the question of the mental capacity of the testatrix at the time she executed said paper-writing. This is what was thought by the executor, for its answer asserts that the testatrix was entirely competent, both mentally and physically, to execute said instrument.

This Court, in *Higgins v. Carlton*, 28 Md. 115, 92 Am. Dec. 666, approved a prayer in which was said, among other things: "Neither age nor sickness, nor extreme distress, nor debility of body, will affect the capacity to make a will if sufficient intelligence remain." Unless the case, at the time of the execution of the will, pre-

sented facts that were extraordinary, the issue of mental capacity would comprehend the matter set up in the proposed fourth issue, and hence it would be entirely unnecessary. The petition and caveat in this case does not allege fraud, mistake, matters that would arouse suspicion, or any other matter to show, or which tended to show that the testatrix, at the time of the execution of the alleged will, did not know and understand its contents. One executing a will is presumed to be sane, and if the will is read by or to, or its contents known to the one executing the same at the time of its execution, the law presumes that the contents of the instrument were known by the party executing it.

In *Robinson v. Robinson,* 178 Md. 623, at page 627, 16 A. 2d 854, at page 856, the Court said: "Furthermore, nothing appears in appellant's petition for issues to justify the conclusion that testator's lack of understanding of the contents of the instrument is a proper subject for inquiry by a jury under the law of this State, as pronounced by this Court in *Baker v. Baltimore Trust Co.,* 154 Md. 390, 140 A. 599."

In *Baker v. Baltimore Trust Co., supra,* at pages 391 and 392 of 154 Md., at page 600 of 140 A., which is relied on by appellants, this Court said:

"A question whether a testator knew and understood the contents of the paper which he executed is, of course, one submitted for consideration upon the supposition that the will may not be invalid because of mental incapacity, or in case the jury find the testator was capable. Invalidity upon the broad ground of mental incapacity would clear away any question of knowledge and understanding, and it is only the knowledge and understanding of a mentally capable testator that would ever be relevant. And it is not ordinarily relevant at all, for the questions which it would in ordinary cases set a jury to investigating, such as whether the testator paid sufficient attention to what he was signing, whether he reflected upon it sufficiently, or whether he comprehended

the phraseology used by his draftsman to accomplish his purposes, are not questions open to inquiry. Wills, above all other written instruments, must stand as written so long as they have been freely signed by competent testators. The law provides safeguarding formalities of execution to give assurance that they are, after the death of the testators, to be taken as expressions of their purposes, and with these all complied with, that which a competent testator has executed after reading it or hearing it read, and left to be carried out as his will, must, generally speaking, be carried out. *Taylor v. Creswell,* 45 Md. 422, 430.

"In some situations a question of his understanding the contents of the paper, notwithstanding the fact that he knew them, may be permitted, especially where it is shown that some fraud or accident, sickness, or debility may have intervened to prevent understanding. Such an intervening influence is often considered on an issue of procurement of execution by undue influence. It is difficult to formulate a single description of all the situations in which this question of understanding has been permitted, and we do not undertake it, but they are exceptional, and in a particular case, unless one is shown to exist, there would be no legitimate foundation for the question, and the effect of permitting it and transmitting it in the form of an issue would be to set the jury to investigating such improper and irrelevant matters as have been suggested above. Therefore it is not a question to be submitted in all cases, or to be submitted in any except those in which reasons for it are shown to the court." See *Hall v. Yellott,* 130 Md. 245, 100 A. 290.

Old age, sickness or debility is not enough to support the issue proposed. If one's capacity to make a will was destroyed by such condition, the proposed issue would be unnecessary. The issue proposed presupposes sanity and capacity, and there must be something more than mere sickness, debilitation, and age, to support such

issue. It must be shown that something intervened that prevented the testatrix from understanding the will.

In the case of *Lyon v. Townsend*, 124 Md. 163, 91 A. 704, the testator was weak and debilitated, and the facts in that case illustrate the kind of matter intervening that would support the issue here proposed. We do not mean to define the kind of acts and circumstances intervening that would support an issue like the one in question. There are no facts or circumstances set out in the petition and caveat that would warrant the Orphans' Court in granting the issue proposed.

The ruling of the lower court was correct for the further reason that the proposed issue is bad in form and was, therefore, improper. This issue not only posed the question of a lack of understanding of the alleged will at the time of its execution by Elizabeth Riggs Howard, but required the jury to give its reasons to support the answer it made to the issue. The proposed issue is: Was Elizabeth Riggs Howard, at the time of the alleged execution by her of the said paper-writing, "so weakened and enfeebled and incapacitated by extreme age and by illness and debilitation of both mind and body, that she was" (a) "prevented from understanding" and (b) "did not understand the contents of said paper-writing." This issue embodied two questions: first, did she know the contents of the paper, and second, if she did not know the contents, what facts prevented such knowledge. Each and every issue in a will case transmitted by the Orphans' Court to a court of law should be susceptible of a categorical answer of either yes or no. The answer of a jury determines the question of fact raised by an issue. The purpose of the trial of an issue in a court of law is to determine a fact and a categorical answer given by a jury on an issue determines the fact raised by the issue. The answer means that the jury, from the evidence, has determined the fact submitted by an issue for it to find, and it is improper for the jury to give reasons for its answer. This rule is

based on common sense, for it not only prevents confusion but requires the fact to be determined by a clear, unequivocal and categorical answer.

"The form of an issue is not required to state all the matters alleged in the pleadings, but should contain only a clear statement of the question of fact made by the pleadings. Formal pleadings are not required in the orphans' court (*Long v. Long,* 118 Md. 201, 84 A. 375), but if such objections as the appellant urges against the form of the issue granted by the orphans' court could have been made at any stage of the proceedings, they should have been made to the petition, for the issue is simply the single, material fact alleged in the petition and denied in the answer, and all that is required is that it be clearly, definitely, and accurately stated, and the court before which it is tried will give the jury proper instructions to enable them to decide the question." *Simmons v. Hagner,* 140 Md. 248, at pages 251, 252, 117 A. 759, at page 760. See *Goertz v. McNally,* 185 Md. 170, 44 A. 2d at page 446.

*Ruling affirmed, with costs to appellee.*