.CHARLES H. McCOMAS et al.

*vs.*

THOMAS H. WILEY et al., Administrators of Charles
L. Wiley, Deceased.

*Orphans' Courts: pleading; analogy with equity; demurrers;*
*jurisdiction; none to try questions of title to*
*real estate; questions of next of kin.*

Although formal pleadings are not required in the Orphans'
Courts, practice in them bears a close analogy to pleading in
Courts of Equity.                                        p. 409

In the Orphans' Courts, if a matter is set out in vague,
indefinite and ambiguous language, the bill or petition is sub-
ject to demurrer.                                        p. 409

Questions of title to real estate are beyond the jurisdiction
of the Orphans' Courts to hear and determine.·          p. 410

Under the authority given to Orphans' Courts to supervise
and pass administration accounts, presented by executors and
administrators, the Orphans' Courts have the power to deter-
mine who are the next of kin.                           p. 410

*Decided April 2nd 1918.*

Appeal from the Orphans' Court of Harford County.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*William Pinkney Whyte, Jr.,* for the appellant.

*Stevenson A. Williams* (with whom was *Philip H. Close* on the brief), for the appellee.

Stockbridge, J., delivered the opinion of the Court.

This appeal is from the Orphans' Court of Harford County sustaining the demurrer to a petition filed by Charles H. McComas and others against the administrators *c. t. a.* of Charles L. Wiley, deceased.

The allegations of the petition may be briefly stated as follows: That on June 28th, 1917, the Orphans' Court of Harford County appointed Thomas H. Wiley and others administrators *c. t. a.* of the estate of Charles L. Wiley; that the testator by his will gave to his wife, Mary Edith Wiley, all of his estate, both real and personal; that Mary Edith Wiley died on the same day as the testator, leaving no child, children or descendants of any child, but only her five brothers, as her heirs at law and distributees, and no child or children of any deceased brother or sister; that the petitioners have become entitled to recover all of the personal estate of the said Charles L. Wiley and are now the legal owners of the farm in Harford County, consisting of about 119 acres of land, on which the testator resided, and of which he died seized. That the petitioners are desirous of being possessed of said farm as soon as they reasonably can, without in any way interfering with the gathering of the crops growing at the time the petition was filed, and, lastly, that the personal estate of the testator consisted of various chattels used in farming, the crops and a certain life insurance policy, the amount of which was unknown to them. No copy of Mr. Wiley's will was filed with the petition.

It was to this petition that the administrators *c. t. a.* of Charles L. Wiley filed a demurrer, assigning eight grounds of alleged defect, as follows:

"1.   Because this Court has not jurisdiction to determine the title to personal property;

"2.   Because this Court has not jurisdiction to determine the title to real estate;

"3.   Because the petitioner does not set forth sufficient facts to enable this Court to determine the validity or effect of the said will of Charles L. Wiley, deceased;

"4.   Because the petitioner does not set forth sufficient facts with reference to the deaths of the said Charles L. Wiley and of his wife, Mary Edith Wiley, nor the order in which the same occurred, to enable this Court to determine whether or not said will was revoked by the death of the said Mary Edith Wiley.

"5.   Because it does not appear from said petition who are the heirs at law or distributees of said Charles L. Wiley.

"6.   Because it does not appear that the said petitioner and his said brothers were the heirs at law and distributees of the said Mary Edith Wiley at the instant of her said death, nor how they became such.

"7.   Because this Court has no power to adjudicate questions of title dependent upon the operation and effect of a will.

"8.   Because the said petition lacks necessary parties, to wit, the heirs at law of the said Charles L. Wiley, who are the said defendants, Thomas H. Wiley, Richard H. Wiley, Harry F. Wiley and Robert L. Wiley, in their individual capacities, and Elizabeth A. Slade, the wife of Asbury Slade, and Caroline B. Anderson, widow, their sisters."

After hearing, the Orphans' Court of Harford County sustained the demurrer, and dismissed the petition on the ground of lack of jurisdiction. This action of the Orphans' Court must be affirmed.

At the argument in this Court facts were alleged and conceded which do not appear in the record, but to which it seems necessary to make some reference in order that this opinion may be properly understood.

In June, 1917, Mr. and Mrs. Wiley, with their only child Ruth, were crossing the tracks of the Northern Central Railway, when the automobile in which they were riding was struck by an express train, and all three killed, apparently instantaneously.

The statement of the petition in regard to Mrs. Wiley that she "departed this life intestate on the same day as the testator leaving no child or children or descendant of any child," is by no means a full disclosure of the facts, such as the petitioners now concede them to have been. It is not stated or alleged whether Mrs. Wiley survived or predeceased her husband, or whether she died before or after her daughter. A reading of the petition by one not acquainted with the facts would produce an entirely different impression from the events as admitted by counsel to have taken place. Although formal pleadings are not required in the proceedings in the Orphans' Court, the practice in them bears a close analogy to that in Courts of Equity. No principle is more firmly established there than that if a matter is set out in vague, indefinite and ambiguous terms, the bill or petition is subject to demurrer. *Miller's Equity,* Sec. 92, and cases there cited.

The petition makes reference to real estate, chattels and proceeds of insurance, and different rules may obtain with regard to the final disposition of each of these three species of property.

It is not stated with regard to the insurance whether the assured was Mr. Wiley himself, or his wife; in the one case he would have the power of disposition of it by will, or it would have passed to the distributees of his estate; in the other, if it was a regular policy, there would have been a vested interest in the assured which could not be divested,

so that it formed no part of his estate, and which would pass
in the event that the assured was not living, to the next of
kin of such assured; or in case the insurance was of the
character known as membership in a beneficial organization,
which provided for a change of beneficiary, there was no
vested interest until such time as the life of the insured was
terminated, when the right would become vested. The peti-
tion was, therefore, vague and defective in this allegation
also.

As regards the real estate, the situation is briefly this: the
demurrer, which was sworn to, sets out specifically a lack of
necessary parties, and who the additional parties needed are.
If Mr. Wiley had executed a will prior to his death, in the
terms alleged in the petition, to which the provisions con-
tained in section 326 of Article 93 were applicable, then
under the allegations of the petition the real estate would
have passed to his devisee and her heirs at law; on the other
hand, if the will could not so operate then the real estate upon
his death would pass to and vest directly in his heirs at law.
Under these circumstances it is plain that all parties who
could be entitled to the property, in either event, were nec-
essary and proper parties to the proceedings. In this condi-
tion, so far at least as the real estate is concerned, a question
of title was involved in the proceeding, and was beyond the
jurisdiction of the Orphans' Court to hear and determine.

As to the personal property, while in one sense a question
of title might be involved, nevertheless under the authority
given to the Orphans' Courts to supervise and pass admin-
istration accounts presented by executors and administrators,
that power has been held to include in it the power of deter-
mining who are the next of kin. *Blackburn* v. *Craufurd,* 22
Md. 447; *Redwood* v. *Howison,* 129 Md. 592; and if the ulti-
mate distribution of this property is also controlled by sec-
tion 326 of Article 93, it is clear that the disposition of it
was within the jurisdiction of the Orphans' Court.

It is an interesting fact that there have been but few cases
in this State arising out of conditions similar to those which

obtain in the present appeal. The case most nearly approaching it is the case of *Cowman* v. *Rogers,* 73 Md. 403. There have been many cases in the English and American Courts of a similar nature, and a full collection of them will be found in the note to *In re Maria H. Willbor,* 51 L. R. A. 863.

Courts have been most frequently called upon in such cases to deal with a question of survivorship upon a claim presented by representatives of one or another of the members of the family which had so perished. The cases have then turned largely upon the question of the burden of proof.

The prayer of the petition in the present case is that the Orphans' Court shall fix a day certain when possession of the farm shall be delivered to the petitioners. It thus sets up, inferentially at least, the question of title, and there is nothing now presented by the record in such definite form as to justify this Court in making any positive ruling, either with regard to the title or possession of the premises.

It follows that the order appealed from will, therefore, be affirmed, but without prejudice to the parties or any of them, to establish a valid claim to the whole or any part of the estate of Mr. Wiley in an appropriate proceeding; the costs to be paid out of the estate.