ROGER E. SIMMONS

*vs.*

LEAH B. HAGNER AND ANNA R. S. TALLEY,
EXECUTRICES.

*Orphans' Court——Form of Issue—Claim Against Executor.*

On a petition filed against an executor, under Code, art. 93,
sec. 228, as having failed to return in the list of debts a claim
against him in favor of the estate, it was proper to direct an
issue to be transmitted to the circuit court as follows: "Is
R. E. S. (the executor) indebted to the estate of F. B. S., de-
ceased; if so, how much?" such issue not being defective by rea-
son of indefiniteness, or as failing to inform the executor as to
the character of the alleged indebtedness.            pp. 249, 252

An issue is a single, certain and material point, issuing out
of the allegations of the plaintiff and defendant.          p. 250

The form of an issue is not required to state all the matters
alleged in the pleadings, but should contain only a clear state-
ment of the question of fact made by the pleadings.          p. 251

Formal pleadings are not required in the orphans' court.

p. 251

Where the proposed issue is simply the single, material fact
alleged in the petition and denied in the answer, it cannot be
attacked as indefinite or as failing to inform the respondent of
the nature of the claim against him, since such objections
should have been made to the petition.            pp. 251, 252

*Decided January 13th, 1922.*

Appeal from the Orphans' Court of Washington County.

Petition by Leah B. Hagner and Anna R. S. Talley,
executrices of Florence B. Simmons, deceased, against Roger
E. Simmons. From an order directing an issue, as pro-

posed by the petitioners, to be transmitted to the Circuit
Court for Washington County, said respondent appeals. Af-
firmed.

The cause was submitted on briefs to BOYD, C. J., BRIS-
COE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS,
and OFFUTT, JJ.

*Mason & Mason,* for the appellant.

*Alex. R. Hagner* and *Henry H. Keedy, Jr.,* for the appel-
lees.

THOMAS, J., delivered the opinion of the Court.

On the 14th of June, 1921, the appellees, the two execu-
trices of the last will and testament of Florence B. Sim-
mons, deceased, filed in the Orphans' Court of Washington
County a petition alleging that Roger E. Simmons was one
of the "distributees, legatees" in, and one of the executors
of, the last will and testament of the said Florence B. Sim-
mons; that the said Roger E. Simmons was "indebted unto
the estate of Florence B. Simmons in the sum of $800, and
was so indebted unto the said Florence B. Simmons in her
lifetime," and that he had "failed, neglected and refused to
make any return to" the orphans' court "of the said $800,"
and praying that he be required to answer under oath the
matters alleged in the petition. In pursuance of an order
passed by the orphans' court, Roger E. Simmons filed an
answer under oath, denying that he was indebted to the
decedent in her lifetime, or to her estate, in the sum of
$800. After filing a replication to the answer, the peti-
tioners filed a petition in the orphans' court, alleging that
they were entitled to have the issues of fact presented by
their petition and the answer of the respondent tried and
determined by a jury, and praying that the following issue
be sent to the Circuit Court for Washington County for
trial: "Is Roger E. Simmons indebted to the estate of
Florence B. Simmons, deceased, if so, how much?"

To the issue proposed by the petitioners the respondent filed the following objections: "1st—That he objects to said proposed issue because the same is indefinite. 2nd—That he is entitled to be advised wherefore and for what and in what manner the said Leah B. Hagner and Anna R. S. Talley, executrices, allege or claim that he, the said Roger E. Simmons, is indebted to the estate of Florence B. Simmons in the amount of $800, or in any other amount, or in any manner whatsoever or any amount whatsoever." This appeal is from an order of the orphans' court overruling said objections and directing the issue proposed by the petitioners to be transmitted to the circuit court for trial.

The petition of the appellees was filed under section 228 of article 93 of the Code, which requires an executor to return any just claim which the decedent had against him in the list of debts, and provides, upon his failure to do so, for the filing of a petition against him by anyone interested in the administration, and for issues to be sent to the circuit court for the county for trial. 23 *Cyc.,* 368, gives, among others, the following definition of an issue: "A single, certain and material point issuing out of the allegations of the plaintiff and defendant"; and this definition was approved in the case of *Richardson* v. *Smith,* 80 Md. p. 96, which was an appeal from an order of the orphans' court refusing to grant an issue proposed by the appellant, and in which the Court said: "The appellant asked the court to send this issue to a jury, to wit: 'Whether the petitioner, Carrie Richardson, is the sister of Samuel Richardson, deceased?' This was the point of controversy between the parties. It was the matter affirmed on one side and denied on the other. The question was presented clearly, distinctly, perspicuously and accurately. The form in which it was expressed agrees with LORD COKE's definition of an issue, which he declares to be 'a single certain and material point issuing out of the allegations of the plaintiff and defendant.' We think that this issue ought to have been granted by the orphans' court. They, however, refused it and granted two

others." The issue in question follows the form of the issue proposed by the appellant in the case of *Long* v. *Long,* 115 Md. 130, where CHIEF JUDGE BOYD said, in the course of the opinion: "If, therefore, this motion had not been made, but issues had been granted as prayed for, it is clear that the verdict of the jury could not have been disturbed because there was no replication." When the case was remanded, the orphans' court rejected the issue proposed by the petitioner and those proposed by the respondents, and granted the following in regard to Harry R. Long: "Was Harry R. Long indebted to David Long of D., deceased, at the time of the death of David Long of D., and is he still so indebted? If so indebted, what is the amount of his indebtedness?" and a like issue in regard to W. D. Scott Long. The case came to this Court again on appeals from orders of the orphans' Court, in reference to an amendment of the answer with the view of interposing the defense of limitations, and in disposing of the case this Court, after saying that the orphans' court was right in refusing the issue asked for upon the question of limitations, said: "This still leaves open to Harry R. and D. Scott Long to show that no such indebtedness as is claimed ever existed, or that it has been paid, or that what is claimed to have been indebtedness was in reality a gift." While the two appeals referred to in *Long* v. *Long* cannot be regarded as adjudications in regard to the form of the issue proposed or granted in those cases, it is not probable that this Court would, under the circumstances, have overlooked a fatal defect in either, yet in neither case did the issue contain anything more than a simple statement of the question of fact involved.

The form of an issue is not required to state all the matters alleged in the pleadings, but should contain only a clear statement of the question of fact made by the pleadings. Formal pleadings are not required in the orphans' court (*Long* v. *Long,* 118 Md. 201), but if such objections as the appellant urges against the form of the issue granted by the orphans' court could have been made at any stage of the

proceedings, they should have been made to the petition, for the issue is simply the single, material fact alleged in the petition and denied in the answer, and all that is required is that it be clearly, definitely and accurately stated, and the court before which it is tried will give the jury proper instructions to enable them to decide the question. We are not to be understood as indicating that the petition of the appellees was defective, but simply refer to it for the purpose of pointing out the difference between the pleadings and the *issue,* which is made by the pleadings.

We think the issue granted by the orphans' court clearly and accurately expresses the material question of fact raised by the petition and answer, and we must therefore affirm the order appealed from.

*Order affirmed, with costs, and case remanded.*