EDWIN FRANK ET AL. *v.* CARROLL G. WAREHEIM, EXECUTOR

[No. 11, October Term, 1940.]

*Decided December 18th, 1940.*

The cause was submitted on briefs to BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE. JJ.

*Donald C. Sponseller,* for the appellants.

*D. Eugene Walsh,* for the appellee.

PARKE, J., delivered the opinion of the Court.

In the appeal of Edwin Frank and Lydia Heindel v. Carroll G. Wareheim, executor of Amelia Snyder, which was recently decided by this court and is reported in 177 Md. at page 43, 7 A. 2nd 186, several questions affecting the administration of the estate of the testatrix were decided and the cause was remanded for futher proceedings in conformity with that opinion. On that remand a purported corrected and final administration account was prepared and submitted to the Orphans' Court of Carroll County by the executor. Shortly thereafter Edwin Frank and Lydia Heindel, legatees under the will of the testatrix, filed in the Orphans' Court exceptions to the account as presented for these reasons:

"1. That the deduction of the hereinafter described notes from the distributive shares or legacies of these exceptions in the estate of the said Amelia Snyder, deceased, is improper for that the said notes are under seal, and therefore specialties, which under Article 57, section 3 of the Code of Public General Laws of Maryland are barred by limitations and no longer existing debts, said notes being set forth as follows:

Specialty of Edwin Frank including interest
from March 31, 1924 ..................... $1431.40
Specialties of Lydia Heindel including interest from November 18, 1921 ............. 1516.70
Including interest from March 31, 1922 .... 1503.40
Including interest from June 15, 1922 ..... 282.58

"2. That the allowance to the Executor of commissions on the aforesaid notes is improper for that the said notes, being specialties and barred by limitations, and no longer existing debts, are not assets of the said estate."

After filing these verified exceptions on December 18th, 1939, no further proceedings were had before the court until, January 9th, 1940, the exceptants filed a petition which recited that, although notice had been given of the filing of the exceptions, the executor had filed no answer. As requested, an order was passed requiring the executor to answer the exceptions on or before January 16th. The executor did not answer but demurred to the petition of January 9th, on the ground that the executor was not bound to answer. The exceptions on the same day moved that the demurrer be not received on the ground that it was not a proper pleading in the Orphans' Court and that it was not in such form that it could be treated as an answer or as an exception to the sufficiency of the petition of the objectors. On January 23rd, 1940, the corrected docket entry shows that, counsel for the respective parties being present, the parties were heard on the demurrer and the objection to the demurrer. The next entry is of March 7th, and is: "Corrected administration acct., filed by executor and acct., verbally ordered by court to be held by Register of Wills pending a conference between counsel for respective parties." On this day the executor swore to the accuracy of the corrected account, and to the allowances made. After this entry the record shows neither testimony taken, nor facts agreed and stated, nor hearing had, nor submission of the matter to the court for determination, but this order was passed:

"The court having examined the aforegoing account and all the vouchers relating thereto, and being satisfied that the said account is just and true, as stated, it is thereupon, this 26th day of March, 1940, ordered and decreed that the said account be and the same is hereby approved and passed; and be it further ordered that the exceptions heretofore filed to said account, and the demurrer to said exceptions, be, and the same are hereby overruled." From this order the exceptants have appealed.

The procedure has been set out at length because the executor makes the point that the order of the court should be affirmed because it is not proved of record nor admitted that the paper writings in controversy are specialties nor what are their maturities. This is true, but it is also true that, while the exceptants asserted that the documents are specialties and asked the executor to answer this allegation, no denial was made that the exceptants had an opportunity for a hearing to prove the nature of the paper writings, which were in the possession of the executor. See *Malkus v. Richardson,* 124 Md. 224, 230, 92 A. 474. The only question on which a hearing was accorded was on the demurrer of the executor, which is a pleading not countenanced by orphans' court procedure. *King v. Bork,* 166 Md. 17, 19, 170 A. 524; *Long v. Long,* 115 Md. 130, 134, 80 A. 699, 848; *Id.,* 118 Md. 198, 201, 84 A. 375; *Simmons v. Hagner,* 140 Md. 248, 251, 117 A. 759; *Munnikhuysen v. Magraw,* 57 Md. 172, 193, 195. Compare *McComas v. Wiley,* 132 Md. 406, 409, 104 A. 52.

The *ex parte* passage, without a hearing had, of an order in denial of the rights asserted by their exceptions to the account, entitles the exceptants to a reversal, if the allegations of the exceptions, if admitted, would establish that the court had acted improvidently. *Horton v. Horton,* 157 Md. 127, 131, 145 A. 355.

The exceptions on this record are grounded specifically on the definite allegation that one obligation of Edwin Frank, an exceptant, and three of Lydia Heindel, an exceptant, are specialties which are barred by the sta-

tute of limitations, and therefore, can neither be set off against the respective distributive shares of the exceptants, who are legatees, nor be the basis for a computation of commissions.

These obligations are described in the record of the former appeal, and likewise appear in the modified account of the executor shown by the record in the appeal at bar as "notes." So, as appears by the decision in the previous appeal, the court accepted the obligations now at bar, along with a number of the obligations of other legatees, as evidences of indebtedness not under seal, and decided that such parol contracts should be deducted from the distributive share or portion of the debtor, although the statute of limitations in bar of the remedy on parol obligations could be pleaded in an action against the debtor and legatee or distributee. The record in the instant appeal differs from that of the previous appeal. Here it is affirmatively and specifically alleged by the exceptions filed that the obligations of the exceptants are not parol agreements but specialties. As the instruments in writing do not appear on the record and there is neither testimony nor admission of their nature, the court would have to affirm the order below were it not for the facts that the record shows that a hearing was not had on the exceptions to the account, and that these exceptions do present a justiciable question in the allegation that the obligations of the exceptions, which have been deducted from their shares of the estate by the account, are not parol evidences of debt but specialties. *Supra.*

While the decision of this tribunal on the former appeal had for its subject matter parol contracts, it nevertheless had to consider and distinguish between the effects of the statute of limitations upon parol agreements and those under seal. The determination of the effect upon one class of contracts as contradistinguished from the effect upon the other class necessarily involved consideration as to each class. Thus it was held with reference to obligations not in the form of a specialty that

the personal representative of the decedent may retain so much of the legacy or distributive share as is needful to satisfy a debt due from the legatee or distributee to the decedent at the time of death, although the remedy for the debt was at the time of the death of the decedent barred by the statute of limitations, subject to the right of the distributee or legatee to show that the indebtedness never existed, or that it has been paid, or that what is claimed as an indebtedness is in reality a gift.

On the other hand, the opinion points to the difference in the provisions of the statute of limitations with respect to contracts in parol and under seal. The statute with respect to contracts in parol does not extinguish the debt but bars the remedy. Code 1939, art. 57, sec. 1. The statutory provision in respect of specialties is more drastic. Thus the applicable terms are:

"No bill, testamentary, administration or other bond (except sheriffs and constables' bonds), judgment, recognizance, statute merchants, or of the staple or other specialty whatsoever, except such as shall be taken for the use of the State, shall be good and pleadable, or admitted in evidence against any person in this State after * * * the debt or thing in action is above twelve years' standing." Code 1939, art. 57, sec. 3.

After a review of this section and the construction it has been given by the decisions, the effect of its provisions on the problem now on appeal is stated in *Frank v. Wareheim, supra,* in these words:

"Thus it appears that the possession by the covenantee of a specialty, which is more than twelve years old since the right of action began thereon, is not evidence of a subsisting debt of the covenantor to the covenantee. If it cannot be accepted as tending to establish a present debt of the covenantor to the covenantee, the amount covenanted to be paid cannot be deducted from the distributive share or legacy of the covenantor in the estate of the dead covenantee." 177 Md. at page 57, 7 A. 2nd at page 192.

The brief on the part of the executor cites at length that part of the opinion which directs attention to the comment of the court that the effect of its decision will enforce equality among all the distributees or legatees by requiring every one of them to submit to a deduction from its distributive share or legacy of his indebtedness to the decedent, whether or not subject to the plea of limitations. The comment is relied on to support the action of the Orphans' Court from which this appeal is taken. 177 Md. at page 58, 7 A. 2nd 186. The context makes it clear that in the comment the court was not speaking with reference to specialties. Immediately before this language occurs, the court had succinctly and precisely stated its view in regard to specialties and said that, if out of date, the amount of the specialties could not be deducted. It then addressed its later remarks to the parol contracts under which all the legatees were apparently indebted to the decedent. As then presented by the record, none of the obligations was a specialty. It was not known, as the maturities were not given, if all of the parol obligations were subject to the plea of limitations. If some were and some were not, those who might plead limitations are preferred over those who cannot so plead, and inequality would result among the class composed of debtors under parol instruments. The hypothesis of this comment is that all the obligations be in parol. The validity of the comment is not destroyed because a debtor is not of the prescribed class. In as much as the decedent is assumed to know the law, the different effect of the statute of limitations upon a parol obligation and upon a specialty must be imputed to her. She could not but know that when the statute of limitations applies, the specialty is no longer enforceable. So charged with this knowledge, the incidence of these various and ununiform effects upon the provisions of her will and the objects of her bounty must be taken as understood and contemplated by her when she made her will.

For the reasons here assigned, the order of ratification by the Orphans' Court must be reversed and the cause remanded for further proceedings in accordance with the views here expressed.

Should it be ascertained that the obligations of the exceptants are specialties within the provisions of section 3 of article 57 of the Code, the executor is not entitled to receive any commissions on their amount. *Frank v. Wareheim,* 177 Md. 43, 63, 7 A. 2nd 186.

> *Order of the Orphans' Court of Carroll County of March 26th, 1940, reversed with costs to the appellants, and cause remanded for further proceedings in accordance with this decision.*