684 A.2d 896

**Edward D. SCOTT et al.**

v.

**CLERK OF THE CIRCUIT COURT FOR FREDERICK COUNTY.**

No. 235, Sept. Term, 1996.

Court of Special Appeals of Maryland.

Nov. 8, 1996.

**236**

Janet I. McCurdy (Sallie M. Brinkley and Stern & Kresslein, P.A., on the brief), Frederick, for Appellants.

Julia M. Freit, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on the brief), Baltimore, for Appellee.

Argued before MOYLAN and CATHELL, JJ., and JOHN J. BISHOP (retired), Specially Assigned.

CATHELL, Judge.

The State of Maryland imposes two separate taxes upon the transfer of real property—a recordation tax and a transfer tax. Md.Code (1985, 1994 Repl.Vol., 1995 Supp.), §§ 12–102 and 13–202 of the Tax–Property Article.[1] This case presents us with the issue of whether a transfer made by a family member to a family limited partnership for estate-planning purposes is exempt from those taxes. At the outset, we note that 59 *Opinions of Attorney General* 681 (1974) has been proffered as authority for such an exemption for situations in which a deed making this type of transfer is accompanied by a certification that the conveyance was made for no consideration.

---

[1]. Hereinafter, all statutory citations are to the Tax–Property Article of the Maryland Code unless otherwise specified.

### The Facts

We shall begin by setting forth the facts of this appeal, which are neither complicated nor in dispute. Bruce H. Schmidt and his wife, L. Suzanne Schmidt, appellants, formed a family limited partnership for estate-planning purposes and conveyed to it the title to their tree farm on December 30, 1993. According to the Schmidts, it was their intention to give that property to their two adult children by giving them interests in the limited partnership. The deed recited that the transfer was being made "for no consideration." Appended to the deed was an Exempt Consideration Statement, which read:

This Deed has been prepared, executed, delivered, and is to be recorded, solely for estate planning purposes, and is therefore exempt from Maryland Transfer and Recordation taxes, in accordance with Maryland Opinion of the Attorney General, Opinion Number 59–681, 1974.[2]

Later that same day, the Schmidts presented the deed to the Clerk of the Circuit Court for Frederick County (the Clerk), appellee. The Clerk declined to accept the deed for recordation without payment of the recordation and transfer taxes. The Schmidts paid the taxes and, subsequently, on September 19, 1994, filed a claim for Refund of Tax Erroneously Paid to State of Maryland, seeking a refund of the transfer and recordation taxes. The Clerk denied the refund claim, by letter dated October 17, 1994. Thereafter, on November 16, 1994, the Schmidts filed a Petition of Appeal to the Maryland Tax Court.

During this same time period, Edward D. Scott, also an appellant, formed his own family limited partnership. He serves as the general partner, and his two minor children are limited partners. On December 29, 1993, he transferred title to his grain and cattle farm to the Scott Family Limited Partnership "for no consideration." This deed also contained

---

2. As we shall later explain, the Attorney General's opinion did not say that the transaction there discussed was exempt because it was done for estate-planning purposes but because of a lack of consideration.

an Exempt Consideration Statement identical to that appended to the Schmidts' deed. His deed was presented to the Clerk for recordation on December 30, 1993, and, similarly, the Clerk declined to record the deed without payment of the taxes at issue. Mr. Scott paid these taxes and, thereafter, asserted a claim for refund. His claim was also denied, and, on November 16, 1994, he too appealed to the Maryland Tax Court.

For purposes of appeal to the Tax Court, the Schmidts' appeal and Mr. Scott's appeal were consolidated.[3] Before that administrative body, relying upon 59 *Opinions of Attorney General* 681 (1974), the same opinion referenced in the Exempt Consideration Statements, appellants argued that they were entitled to a refund of the recordation and transfer taxes. Their counsel explained, "[The Schmidts and Mr. Scott are] entitled to rely on the exception for [ ]estate planning purposes set forth in the Attorney General Opinion letter, and that their transaction[s] fall[ ] within that rationale.... They received no consideration for th[ese] transfer[s]. And ... they should be entitled to an exemption and their refund...." The Clerk, after pointing out that appellants' transactions came within no statutory exemption, see §§ 12–108 and 13–207, averred that the transactions were supported by consideration and that therefore appellants were subject to the taxes.

In finding for appellants, the Tax Court focused on what it termed "taxable consideration." The court concentrated on appellants' representations that they had made these transfers to the respective partnerships so that the property could be conveyed to their children by granting them partnership interests. The court opined, "Such gift giving would not involve the grantors receiving taxable consideration[ ]." While the court agreed that the transactions did not come within a statutory exemption, the court distinguished this case from cases in which the transaction was made for some business or commercial reason and found that because appellants had not

---

3. As this appeal has been brought by both the Schmidts and Mr. Scott, we shall refer to them collectively as "appellants."

received any consideration for the transfers, there was no basis upon which the transfers could be taxed.

From this ruling, the Clerk appealed to the Circuit Court for Frederick County, the Honorable G. Edward Dwyer presiding. Relying upon *Pinder v. Dean,* 70 Md.App. 252, 520 A.2d 1119 (1987), *aff'd,* 312 Md. 154, 538 A.2d 1184 (1988), the circuit court found that the conveyances from appellants to their respective limited partnerships were supported by consideration. Discounting the Attorney General's opinion and its focus on a lack of consideration, the court stated:

> Since th[ese] transfer[s are] one[s] still governed by Md. Ann.Code, Tax Prop. § 12–108, the only way to avoid the tax is through a statutory exemption. Simply put, there is no exemption in the law....
>
> ....
>
> ... This Court and the parties are bound by Maryland statutory law and case law. The transfer effected in this situation is subject to all recording and transfer taxes.

Accordingly, the circuit court reversed the judgment of the Maryland Tax Court.

Unsatisfied with that determination, appellants filed a timely appeal from the circuit court's judgment, on January 4, 1996. They present one question for our consideration:

> Did the Circuit Court err in holding that properties transferred from Appellants to their family limited partnerships, made solely for estate planning purposes, involved taxable consideration?

We hold that these transactions were supported by consideration and, consequently, are subject to recordation and transfer taxes. Accordingly, we shall affirm the judgment of the circuit court.

### The Attorney General's Opinion

■ Although they recognize that opinions of the Attorney General are not controlling upon this or any Court, appellants argue that we should honor 59 *Opinions of Attorney General*

681 (1974). According to appellants, the opinion is based upon "sound reasoning," and, in it

the Attorney General ... wisely concluded that deeds to family partnerships motivated solely by the purpose of estate planning should ... be excluded from the assessment of taxes. The Attorney General opined that a deed should be recorded without the payment of recordation or transfer taxes upon receiving an appropriate certification that the conveyance was a no-consideration conveyance made for the sole purpose of estate planning.

The Clerk, *who, we note, is represented in the case sub judice by the Attorney General,* states that the opinion purports to create an exemption and avers:

An opinion of the Attorney General construing a statute will not be disregarded, except for strong reasons; however, an opinion that does not construe a statute, but simply renders a legal conclusion without any statutory basis, will be disregarded.

The opinion upon which [appellants] rely, 59 *Opinions of the Attorney General* 681, has no statutory support for its conclusion. . . .

In other words, the present-day Attorney General, arguing on behalf of the Clerk and recognizing the past error, concedes that its 1974 opinion has no statutory support and therefore should be disregarded.

 While not binding on this Court, the opinions of the Attorney General are, nevertheless, generally entitled to careful consideration. *Dodds v. Shamer,* 339 Md. 540, 556, 663 A.2d 1318 (1995); *Montgomery County v. Atlantic Guns, Inc.,* 302 Md. 540, 548, 489 A.2d 1114 (1985); *Board of Examiners in Optometry v. Spitz,* 300 Md. 466, 476, 479 A.2d 363 (1984). Additionally, we note that " ' . . . no practice, however generally, or however long, it may have prevailed, can override the clear and manifest meaning of a statute.' " *Comptroller of Treasury v. American Cyanamid Co.,* 240 Md. 491, 493, 214 A.2d 596 (1965) (quoting *Horton v. Horton,* 157 Md. 127, 133, 145 A. 355 (1929)).

■ At least in part, this case turns on the continued vitality and force of 59 *Opinions of Attorney General* 681, the opinion cited in appellants' Exempt Consideration Statements. That opinion is based upon the following set of hypothetical facts—facts which, except for the nature of the family partnership created, are nearly identical to those of the case *sub judice:*

> Husband and wife own a parcel of real estate as tenants by the entireties. They are both going to convey their interest in the real estate to a general partnership in which they will be equal partners. A fictitious name for the partnership might be John Doe and Mary Doe, trading as Doe's General Partnership.... [T]here will not be any mortgage from the partnership to the individuals and ... no consideration will be given from the partnership to the individuals in exchange for the property. The ... only reason for the conveyance is for the purpose of estate planning.

*Id.* The Attorney General began its discussion by setting forth the

> general rule, that a conveyance is subject to recordation and transfer taxes if:

> (1) It is a conveyance to a separate and distinct entity, and (2) the grantor receives consideration in return in the form of cash or something convertible into cash.

*Id.* Thus, the "general rule" is that a conveyance to a separate and distinct entity for consideration is subject to recordation and transfer taxes. The Attorney General continued:

> [A] partnership interest, which one can receive in return for his conveyance of real property to the partnership, can be sold and assigned, and thus converted into cash.

> We would also believe there would be many instances where the existence of the partnership as a separate and distinct entity from the grantor-partner, could be readily recognized.

*Id.* at 682 (citation omitted). The Attorney General then took what we perceive to be the fatal misstep:

> [I]n this case[, w]e are not here considering a commercial or business transaction, but one motivated by the "purpose of estate planning." The normal activity of estate planning involves passing, or preparing to pass, assets to the objects of one's bounty. In this case the grantors may well intend conveying partnership interests, over a period of years, to their descendants. Such gift giving would not involve the grantors receiving taxable consideration.
>
> Accordingly, we believe ... the deed [may be received] for recordation without payment of recordation or transfer tax upon receiving from the attorney appropriate certification that the conveyance is a no-consideration conveyance within the rationale of this opinion.[4]

*Id.*

■ This Attorney General's opinion has not come under judicial scrutiny, and, apparently, for over twenty years, this opinion and the exemption resulting from it have been relied upon by some of the clerks of the various courts, who are charged with collection of the taxes at issue. While a long standing interpretation of a statute by an administrative agency is not to be lightly disregarded, where that interpretation has no basis in the law, it cannot be allowed to stand. *See Insurance Comm'r v. Bankers Indep. Ins. Co.*, 326 Md. 617, 624, 606 A.2d 1072 (1992); *American Cyanamid Co.*, 240 Md. at 498, 214 A.2d 596 (holding that an administrative rule "unlawfully extended the exclusions from taxation provided

---

**4.** In its brief, the Clerk argues:

> The circuit court correctly held that a transfer of real property by a partner to a partnership is a transfer for "consideration" because the partner receives, in exchange for the transfer, the partnership interest, or an increase in the value of the partnership interest already held by the grantor. This holding is consistent with statutory law, as interpreted by case law. This Court should affirm the circuit court's decision.

We note that this argument directly contradicts the presumption underlying the Attorney General's Opinion—i.e., that a partner to partnership transfer for estate-planning purposes is not supported by consideration.

by" statute); and *Rogan v. Baltimore & O.R.R.*, 188 Md. 44, 54, 52 A.2d 261 (1947) ("Interpolation of words, to make a statute include matters which the Legislature did not expressly include, invades the function vested solely in the Legislature. . . ."). Numerous exemptions to the transfer and recordation taxes have been codified. *See* §§ 12–108, 13–207. None, however, cover a partner to partnership transfer made for "estate-planning purposes." [5]

Additionally, while there are instances in which we have accepted interpretations contained in opinions of the Attorney General—primarily where it appears that the Legislature has acquiesced to the Attorney General's opinion—it does not appear that the Legislature has acquiesced to the Attorney General's interpretation of consideration. While we presume that the Legislature was aware of the Attorney General's opinion and note that the Legislature did not take any action on the topic for some twenty years, in both the 1995 and 1996 legislative sessions, two bills were introduced that would have created a statutory exemption for precisely these types of transactions—neither was enacted. *See* Senate Bill 835, 1995 Legislative Session and Senate Bill 663, 1996 Legislative Session.[6] Therefore, in that attempts were made to enact such estate-planning exemptions, this is not a case where we have legislative acquiescence, to an Attorney General's construction of a statute, through inaction. *Cf. Board of Examiners*, 300 Md. at 478, 479 A.2d 363; *Twinbrook Swimming Pool Corp. v. Comptroller of Treasury*, 274 Md. 88, 94–95, 333 A.2d 49 (1975) ("In reenacting the statute during the years which

---

**5.** To the extent appellants argue that the Attorney General's opinion established an exemption, they are mistaken. The Attorney General's opinion simply interpreted "consideration" in an estate-planning context.

**6.** For our purposes, what is perhaps most notable about the legislative history of these two bills is that none of the witnesses or governmental agencies who testified about the bills presumed that such an exemption currently exists. Indeed, one witness flatly stated, "Currently, such transfers are not exempt," while another witness stated that the Attorney General's opinion letter has been the source of a great deal of "confusion that now exists."

have intervened, the General Assembly has impliedly acquiesced in the correctness of the construction placed on it by the Attorney General.").

Moreover, before Judge Dwyer, the Assistant Attorney General representing the Clerk argued:

The problem with the opinion is ... that the Attorney General's Office has no authority to create exemptions from tax, the most that the Attorney General's opinions and advice letters can do is interpret existing law. But if there's no law to interpret then the opinion is not valid.

This colloquy between the court and the Assistant Attorney General immediately followed:

THE COURT: Well have you ever retracted that opinion or anything like that?

MS. FREIT: No Your Honor.

THE COURT: It's published.

. . . .

And if it's incorrect shouldn't you publish a retraction or—

MS. FREIT: Yes Your Honor.

. . . .

[But] we couldn't once th[is] case [was] pending because [it is the policy of the Attorney General's office not to] touch an opinion if it's the subject of a pending case.

. . . .

... [O]nce it's the subject of a pending case we wait till the case is concluded and if ... the case ... trumps the opinion then we don't have to, if the case doesn't then we can deal with it later.

THE COURT: Well when you say if the case, for this case to trump that opinion either you or [appellants are] going to have to take an appeal to the Court of Special Appeals, because whatever I say is not going to be published, and it's not going to be out there for the general public to look at.

. . . .

MS. FREIT: Well if it doesn't go to the appellate court *we would formally withdraw it in the Attorney General's Office.* If it goes to an appellate court then the appellate court will take care of that proceeding. But you're correct, if it does not go beyond the Circuit Court we would have to formally withdraw the opinion.

■ As Judge Dwyer correctly and succinctly pointed out in his ruling, "[T]he Attorney General's Office has no power to create exemptions, only to interpret the current exemptions set out in the statute. Th[e creation of exemptions] is the province of the General Assembly, not the Attorney General and not th[e] Court[s]." In other words, when he wrote 59 *Opinions of Attorney General* 681, the result, although not apparently intended, was to create what came to be known as an exemption. We hold that 59 *Opinions of Attorney General* 681 does not have any legal force or effect as such an exemption.

### Consideration

■ We turn now to the issue of whether the conveyances were supported by consideration because the taxes at issue are applied based upon the "consideration payable." §§ 12–103(a) and 13–203(a). This is important because when a transfer is made for no consideration, such as a gift, there is no consideration—love and affection notwithstanding—or, rather, the consideration payable is zero and, thus, the calculated tax is also zero.

In finding that appellants' transactions were supported by consideration, Judge Dwyer, relying upon *Pinder v. Dean, supra,* opined:

[T]he value and worth of the two partnerships was increased by the value of the real estate. No matter what the purpose of the transfer may be, actual consideration was paid "because there has been some economic benefit which has flowed to the taxpayers."

Appellants challenge that finding. They attempt to distinguish *Pinder* by focusing upon the underlying purpose of the transactions:

The grantors in *Pinder* intended to develop a hotel on the property; therefore, the conveyance in *Pinder* was *incontrovertibly* and solely for a commercial purpose. Contrary to *Pinder*, the conveyances at issue herein were motivated solely by the purpose of estate planning as set forth in the exempt consideration statements. [Emphasis in original.]

In *Pinder*, George and Jane Dean owned two properties as tenants by the entireties. The Deans created a Maryland corporation, through which they intended to operate a hotel, and caused the corporation to issue twenty-five shares of stock to each of them. Because the corporation did not yet have any assets, the stock had no value at the time of issuance. Thereafter, the Deans conveyed both pieces of property to the corporation; at the time of the conveyance, the corporation made no payments to the Deans nor was any additional stock issued. To the deed, the Deans appended an affidavit that asserted, "[T]here is no consideration paid or to be paid for the foregoing conveyance." The Deans then presented the deed for recordation. Earl Pinder, the Clerk of the Circuit Court for Kent County, as did the Clerk in this case, refused to record the deed without payment of the recordation and transfer taxes. The Deans paid the taxes and, subsequently, filed a claim for refund. The Clerk of the Court for Kent County denied the refund, and the denial was affirmed on appeal to the Maryland Tax Court. We noted that the Tax Court, relying upon *Pritchett v. Kidwell*, 55 Md.App. 206, 461 A.2d 57 (1983), had stated, "[I]t's very clear that actual consideration was paid because there has been some economic benefit which has flowed to the taxpayers. The economic fact is that the value of the stock increased by the fair market value of the land." 70 Md.App. at 258, 520 A.2d 1119. In other words, as the Court of Appeals described the Tax Court's opinion, "the increase in value of the Deans' stock was an economic benefit that constituted actual consideration for the conveyance upon which the recordation and transfer taxes

could be assessed." 312 Md. at 157–58, 538 A.2d 1184. The circuit court, however, reversed the Tax Court's decision.

On further appeal to this Court, we looked to see "whether anything 'real' or 'substantial,' moved from the corporation to the Deans, inducing them to convey the real estate to the corporation." 70 Md.App. at 262–63, 520 A.2d 1119. Finding that a real or substantial benefit had "[i]ndeed" accrued to the Deans, we held "that the Tax Court properly applied the controlling legal principles as explicated in *Pritchett*." 70 Md.App. at 263, 520 A.2d 1119. We explained:

> While the Circuit Court gave no particular weight to *Pritchett v. Kidwell, supra,* we believe that case controls. The principle of "economic fact" emerged loud and clear from that case. *See* 55 Md.App. at 212–213, 461 A.2d 57. What did the parties to the transfer *sub judice* "consider the bargain to be"? As the Tax Court put it: "The economic fact is that the value of the stock increased by the fair market value of the land." Before the transfer, the ... stock had no value. Once the corporation owned the land, the value of the stock increased dramatically. Thus, as a result of that "economic fact," a real and substantial benefit accrued to the Deans. Accordingly, because the "actual consideration" was equivalent to the enhanced value of the stock, the transfer tax was properly based thereon.

70 Md.App. at 263, 520 A.2d 1119.

In the case at bar, what appellants have failed to show is how and why the underlying purpose of the transactions makes any difference. Indeed, the purpose of the transaction matters not. It is the presence of consideration, rather than purpose, that determines whether the conveyance is subject to taxation. Moreover, although appellants claim that estate planning was the motivation behind these conveyances, there is no certainty that these properties will ever be given to appellants' children.

The only issue we need resolve is whether, given the economic facts of the case, a real or substantial benefit has flowed between the entities in respect to the transfer of the

real property. Unquestionably, *Pinder* and *Pritchett* dictate the outcome, and, accordingly, we hold that the conveyances *sub judice* were supported by consideration and therefore are subject to recordation and transfer taxes. While the record is unclear as to whether the partnerships had any assets prior to the transfers at issue, once those transfers were made the value of the partnership interests increased substantially. In fact, the value of the partnerships increased by the fair market value of the real property, and this increased value represents an economic benefit that constitutes consideration for the conveyance upon which the recordation and transfer taxes can be assessed. Regardless of the future intents of the transfer, a real or substantial present economic benefit flowed to the grantors in exchange for their having made the conveyances. Similar to the conveyances in *Pinder*, the transfers *sub judice* effected "a complete change of the lawful ownership of real property, the exact event for which the tax is imposed." 312 Md. at 165, 538 A.2d 1184.

Moreover, in finding that the transactions were not supported by consideration, the Tax Court stated "such gift giving would not involve the grantors receiving taxable consideration[ ]." From this statement, it appears that the Tax Court was focusing upon the wrong transfer. Down the road, when—and if—appellants or the limited partnership grants the property interests to the children, those conveyances might constitute gifts for which no transfer and recordation taxes will be due. At the present time, however, no gifts have yet been made. Any subsequent gifts will, by necessity, come after the partner-to-partnership conveyances that are currently before this Court, and these transfers do result in both the grantors, appellants,[7] and the grantees, the partnerships, receiving consideration.

If appellants were correct, there would possibly be, under the circumstances presented here, two conveyances of property interests that would result in recordation and transfer tax

---

7. The grantors are also partners. Thus, the transfers increased the value of their partnership interests.

exemptions: the one appellants here asserts and the subsequent transfer that would result when the limited partnership is dissolved. Upon dissolution of an economically viable limited partnership, according to its terms, by the withdrawal of the general partner, or otherwise by statute, the partners receive the property interests then remaining in the partnership. *See* Md.Code (1975, 1993 Repl.Vol.), § 10–804 of the Corporations and Associations Article. To the extent a grantor's children are limited partners, they would then receive the interests. This transfer has been addressed by the Legislature in § 12–108(q). It provides for an exemption from the recordation tax. Section 12–108(q) provides:

> [a]n instrument . . . that transfers real property from a . . . limited liability company, or partnership on its . . . dissolution, or termination is not subject to recordation tax, if the transferee is:
>
> (1) . . . an original member of the limited liability company, or . . . partner . . . ;
>
> (2) a direct descendant or relative within 2 degrees of an original . . . member . . . or . . . partner . . . ; or
>
> (3) a . . . member, or partner who became [such] . . . through gift or bequest from an original . . . member . . . or . . . partner.

*See also* § 13–207(a)(10).

It is thus clear that the Legislature *has* created the exemption it desires to apply in these estate-planning matters. In addition to the tax relief the Legislature has created expressly for this purpose, appellants want us to create additional relief. The arrangement contemplates an in-and-out process. The property goes into the partnership from the estate planner, who conveys it for tax avoidance purposes, and it eventually comes out to those to be benefited. The General Assembly has created an important and substantial exemption that applies to the out of the in-out process. It is thus fully aware of its power to create such exemptions. As we note elsewhere, the Legislature has expressly declined to grant relief in respect to transfers of property into such arrangements.

### Conclusion

Accordingly, because there is no statutory exemption for a partner-to-partnership conveyance for estate-planning purposes and the conveyances at issue are supported by consideration, we shall affirm the judgment of the circuit court.

Appellants state that should we affirm the circuit court's decision, the family limited partnership will be "foreclosed as a viable means of making gifts [of] one's bounty." Our decision, however, has no such effect. Far from foreclosing the estate-planning usefulness of the family limited partnership, our decision merely contemplates the payment of recordation and transfer taxes when real property is conveyed to such an entity. In the case *sub judice*, for example, the Schmidts transferred a farm worth $173,650 to their family limited partnership and paid recordation and transfer taxes of just over $2,000. Mr. Scott, likewise, transferred property worth $276,202 and paid taxes of roughly $3,300. Our decision merely means that an analysis of whether the costs associated with these taxes outweigh the benefits inherent in the family limited partnership as an estate-planning device will simply become another part of the broader analysis of whether to choose this estate-planning tool—as opposed to the many others available—in the first instance.

JUDGMENT AFFIRMED; APPELLANT SCOTT TO BEAR 50% OF THE COSTS; APPELLANTS SCHMIDTS TO BEAR 50% OF THE COSTS.